S. H. RICHMOND, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Rape: CHANGE OF VENUE. In the trial upon an indictment for rape and assault with intent to commit, the trial coming on a few weeks after the charge was made, the accused filed affidavits of leading citizens showing a strong bias and prejudice against him, so that a fair trial could not be had in that county, and the affidavits filed on behalf of the state did not deny these statements in clear and direct language. *Held*, That a change of venue should have been granted.

ERROR to the district court for Cass county. Tried below before MORRIS, J., in absence of POUND, J.

*A. N. Sullivan* and *Marquett, Deweese & Hall,* for plaintiff in error.

*J. B. Strode, District Attorney,* and *Isaac Powers, Jr., Attorney General,* for the State.

MAXWELL J.

The plaintiff was indicted for rape, and also for an assault with an intent to commit rape on the person of one Carrie E. Greusel, and was convicted of an assault with intent to commit rape, and sentenced to imprisonment in the penitentiary for five years.

The offense is alleged to have been committed on the 4th day of November, 1883, and the trial was commenced on the 15th of the following December.

The attorneys for the plaintiff filed a motion supported by affidavits of leading citizens of Plattsmouth for a change of venue. The motion was overruled, to which the plaintiff excepted, and now assigns the same for error.

A very large number of affidavits in support of and against the motion were filed, a few of which will be noticed.

Albert N. Sullivan, one of the plaintiff's attorneys, in his affidavit states in substance that he has been a resident of Cass county for more than fourteen years, and of Plattsmouth for six; that as attorney for the plaintiff he attended the county judge's office for the examination of the accused on the 5th of November, 1883; that about 10 o'clock A.M. of that day he ascertained that a very bitter feeling existed against the plaintiff; that he was informed that if an examination was attempted the crowd around the court house would lynch the accused, and that the conduct and appearance of the crowd con-

vinced him that these statements were true, and for that reason alone the affiant, on behalf of the accused, waived an examination; that the feeling against the accused in Plattsmouth is intense, and such as to preclude a fair and impartial trial at that place. That portion of his affidavit relating to the excitement and threats of the crowd is not directly denied.

J. W. Marshall, the postmaster at Plattsmouth, who has held that position for more than twenty years, states that he " knows that the people of said city and its vicinity generally are very strongly prejudiced against him [the plaintiff]. That since he waived examination in the county court and was committed to jail, a belief of his guilt of the crime charged is generally entertained by the people in said city, and the county as well, and that by reason of the intensity of the bias, prejudice, and hatred entertained by the people aforesaid, and as a result of it the talk of lynching the said S. H. Richmond has been common talk since his commitment; that a fair and impartial trial of said case cannot be had in said county, as affiant verily believes," etc.

Also J. M. Patterson, cashier of the bank of Cass county, who states that he resides in Plattsmouth, and has resided in the county for more than twenty years; that he is intimately acquainted with a great many persons in said city; that " affiant knows of his own knowledge that the strongest bias and prejudice in the city of Plattsmouth and its vicinity exists against S. H. Richmond, now under indictment in the district court of said county; that since the said S. H. Richmond waived examination in the county court, and was committed to jail, the said community have prejudged the cause, and suppose him to be guilty upon the reports circulated by the parties interested in the prosecution; that affiant has heard numerous and divers reports of lynching the said S. H. Richmond since such waiver of examination; that affiant was requested by A. N. Sullivan,

attorney for the said S. H. Richmond, to become security in the bail recognizance, and declined solely for the reason that affiant supposed that his business might be injured by thus becoming surety," etc.

A number of other affidavits are in the record from other leading citizens of Plattsmouth, all showing an intensely bitter feeling against the plaintiff. The affidavits filed on the part of the state do not show that many of those making them had as favorable opportunities to form correct estimates of public opinion as was possessed by those who made the affidavits on behalf of the plaintiff. Besides the affidavits filed on behalf of the state do not deny that there is a strong bias and prejudice against the plantiff in Plattsmouth. It is said in substance in some of them that there is no prejudice against him that will prevent him from having a fair and impartial trial, etc.

Plattsmouth is the county seat of Cass county, and contains about one-fourth of the population of Cass county. When the public sentiment of a whole community is aroused as shown by these affidavits, its effect upon a jury is to prevent a calm and dispassionate inquiry into the merits of the controversy. The constitution guarantees to every one—to the veriest wretch—a fair trial. In other words, a trial where the court and jury will be governed by the evidence alone in determining the guilt or innocence of the accused. Without this a trial becomes a farce, and the verdict too often but the reflex of the clamor of the populace. The citizens of Plattsmouth doubtless havegood cause for excitement, but its effect is to prevent a fair trial in that community. As there must be a new trial, we will not discuss the merits of the case.

For the reason that the change of venue was denied, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.