Olsen v. State.

---

FRANK I. OLSEN V. STATE OF NEBRASKA.

FILED JANUARY 22, 1925.  No. 24226.

1. **Criminal Law:** ARGUMENT. "It is highly improper for the prosecuting attorney in a criminal case to declare to the jury his personal belief in defendant's guilt, unless such belief is given as a deduction from the evidence." *Reed v. State*, 66 Neb. 184.

2. ———: NEW TRIAL. Harmless error is not a ground for a new trial in a criminal prosecution.

3. ———: ———. In a criminal prosecution errors not necessarily prejudicial to defendant may be considered in connection with other errors in ruling on the assignment that the trial court erred in overruling the motion for a new trial.

4. ———: MISCONDUCT OF PROSECUTING ATTORNEY. In connection

Olsen v. State.

with a series of incidents amounting to misconduct on the part of the prosecuting attorney, a conviction may be reversed on a record showing that, after the case had been submitted and before the jury had agreed upon a verdict, the bailiff, before closing the door to the jury-room, announced that he had been requested by the county attorney to tell one of the jurors, naming him, that the juror's wife was at the home of the county attorney, where she would spend the night, and that the juror named could meet her there, if the jury should return a verdict in the meantime.

ERROR to the district court for Valley county: BAYARD H. PAINE, JUDGE. *Reversed.*

*J. C. Cook* and *Munn & Norman,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

ROSE, J.

In a prosecution by the state in the district court for Valley county Frank I. Olsen, defendant, was convicted of procuring the burning of an insured barn owned by him in Ord with intent to prejudice the insurer. Comp. St. 1922, sec. 9591. For that offense he was sentenced to serve a term of not less than one nor more than five years in the penitentiary. As plaintiff in error defendant presents for review the record of his conviction.

It is insisted that the district court erred in refusing to grant a new trial for conduct of the county attorney in expressing to the jury his personal belief of defendant's guilt and in sending a personal message to a juror while in the jury-room after final submission of the case and before a verdict had been reached. Irregularity in these respects is manifest, but the trial court held that the county attorney did nothing to prejudice the rights of defendant in the eyes of the jury.

The insured property was a barn in Ord. Defendant was the owner and was protected by a fire insurance

Olsen v. State.

policy issued by the Sun Insurance Office of London. A malefactor named Anderson set fire to the insured building, confessed his guilt and testified in substance that he had been induced by defendant to commit the felony charged. Defendant himself denied any part in or connection with the unlawful act of Anderson. It was largely on the testimony of the self-confessed criminal that defendant was convicted. The county attorney and some of the jurors had resided in the same community and were on friendly terms. With the advantage thus implied he said to the jury in his opening statement: "I personally believe that the defendant is guilty." There is at least a logical inference that the county attorney's belief of guilt may not have been based wholly on evidential facts, because the presiding judge told the jury at the time to pay no attention to the remark. The law on this subject has been stated as follows:

"It is highly improper for the prosecuting attorney in a criminal case to declare to the jury his personal belief in defendant's guilt, unless such belief is given as a deduction from the evidence." *Reed v. State,* 66 Neb. 184.

It does not necessarily follow that a violation of this rule requires the reversal of a conviction, where the trial court promptly directs the jury to disregard the county attorney's expression of a belief in defendant's guilt, but it may become an important factor when other objections of a similar nature are considered. A county attorney in good standing may by inadvertent remarks unduly influence acquaintances on the jury, notwithstanding an admonition of the trial court to disregard them.

In his closing argument to the jury, the county attorney, referring to defendant and his friends, inquired: "If he had such a large number of friends in this city, why did they leave him in jail twelve days?" It may be inferred also that the trial judge considered this suggestion improper under the evidence, his reproof being: "The jury will not let that statement prejudice the rights of defendant." Statements of the character indicated cannot always

be prevented. If the jury are properly instructed to disregard them they may not be prejudicial, but they may be considered in connection with other conduct of a similar nature.

The principal assignment of error is based on a communication by the county attorney to a juror. After the case had been submitted to the jury and after they had retired in the evening, the bailiff, before closing the door to the jury-room, announced in substance that he had been requested by the county attorney to tell one of the jurors, naming him, that the juror's wife was at the home of the county attorney, where she would spend the night, and that the juror named could meet her there if the jury should return a verdict in the meantime. This message implied mutual friendship and an offer of hospitality. The parties to the communication were the prosecuting attorney and a juror. The former had shown his interest in a conviction and his vigor and zeal as a prosecutor. The juror, when he received the message, was about to consider the merits of the county attorney's charge against defendant—an issue involving a penitentiary sentence. The juror, after the returning of a verdict, was expected as a guest of the county attorney. When delivered, the message was a direct violation of the statute declaring:

"When a case is finally submitted to the jury, they must be kept together in some convenient place, under the charge of an officer, until they agree upon a verdict or are discharged by the court. The officer having them in charge shall not suffer any communication to be made to them, or make any himself, except to ask them whether they have agreed upon a verdict, unless by order of the court; nor shall he communicate to anyone, before the verdict is delivered, any matter in relation to the state of their deliberations." Comp. St. 1922, sec. 10150.

By affidavit on motion for a new trial the county attorney explained that delivery of his message before the rendering of a verdict was not intended or anticipated, but his purpose, considered from the standpoint of innocence,

In re Estate of Halley.

did not prevent the precipitate action of the bailiff.    In like manner the juror expressed the opinion that in performing his duties he had not been influenced by the communication.    A new trial on this ground was refused because the presiding judge was of the opinion that defendant had not been prejudiced by the misconduct described.    A statutory right of the defendant was invaded.    He did not have the kind of a trial the law requires.  Pending deliberation on the verdict no juror was invited to become the guest of defendant's attorneys.    The state had a forbidden advantage.    The prospect of accepting the hospitality of the county attorney after participating in a verdict may have created an unconscious bias in the mind of the juror, notwithstanding his affidavit to the contrary. In any  event he was subjected to a temptation condemned by law.    Prejudice may be assumed where a material, statutory right granted by the legislature for the purpose of securing a fair and impartial trial has been destroyed by the misconduct of officers of the court.    A finding that the misconduct was without prejudice should be based on a substantial ground—a basis not found in the present record.    When the series of incidents mentioned are considered together they require a new trial, and in overruling the motion therefor the district court erred to the prejudice of defendant.    The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Criminal Law, 16 C. J. sec. 2257; 17 C. J. secs. 3600, 3638, 3718, 3751.