FRANK I. OLSEN v. STATE OF NEBRASKA.

FILED DECEMBER 8, 1925. No. 24899.

1. **Criminal Law:** INFORMATION: PLEA OF NOT GUILTY. By entering a plea of not guilty to a criminal information, the defendant waives all defects therein which may be excepted to by a motion to quash or a plea in abatement.

2. ———: CHANGE OF VENUE. Whether an application by the defendant in a criminal action for a change of venue should be granted rests largely in the sound discretion of the trial court. However, when it appears that there exists among the citizens of the county such a feeling of hostility and enmity toward the defendant as to render it improbable that he could secure a fair and impartial trial, it is error to deny the application.

ERROR to the district court for Valley county: EDWIN P. CLEMENTS, JUDGE. *Reversed, with directions.*

*Corcoran & Sprague* and *J. M. Lanigan,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Olsen v. State.

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Defendant prosecutes error to review the record of his conviction of the crime of arson. This case is before us for the second time. A former judgment of conviction was reversed by this court in *Olsen v. State,* 113 Neb. 69, reference to which is made for a statement of the facts. Among the errors assigned are that the information did not charge defendant with a crime; and error in refusing defendant's application for a change of venue.

The information charges that defendant procured and caused one Anderson to set fire to a barn, the property of defendant, insured against loss and damage by fire by the Sun Insurance Company, of London, England, a stock company, with intent to defraud the stock company. It is urged that the information is defective, in that it fails to charge that the insurance company was a corporation, if such was the fact, or, if a copartnership, in not so alleging and naming the individuals composing it.

Whether the information was defective may well be doubted, but we find it unnecessary to determine that question. Section 10113, Comp. St. 1922, is as follows: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement by demurring to an indictment or pleading in bar or the general issue." In this case defendant did not file a motion to quash or a plea in abatement. Had he attacked the information by motion, and had it been sustained, an amended information might have been filed, setting out the facts as to the corporate or partnership capacity of the insurance company. Having failed to make a timely attack upon the information in the manner provided by law, defendant has waived his right to now question its sufficiency.

Denying defendant's motion for a change of venue presents a more serious question. From the record it appears that two newspapers are published in the city of Ord, the

county seat of Valley county, wherein the offense was charged to have been committed and the trial had; that these newspapers have a very wide circulation and are generally read by the citizens of the county. The following items were published in these newspapers and were generally read:

A sworn, written confession, made by Anderson who set fire to the barn, and in which he charged that he did so at the request of defendant and for a promised money consideration, was published in full. The details of the fire and the great danger to the property owners in Ord from such a fire were set forth. The arrest of defendant; the facts relating to the preliminary hearing and the first trial, including a summary of the evidence given at the trial, which lasted three days; the result of the verdict; the sentence and remarks of the trial judge, were all published. An article in one of the papers severely criticised the trial judge for his remarks indicating a friendly feeling for defendant and his family, and because the sentence was not sufficiently severe. It appears that great public interest was manifested at the trial, the courtroom being filled to capacity, and at times spectators were unable to gain admission. It appears that there was a strong feeling against defendant among the people of Valley county. Shortly before the second trial, articles were published in the newspapers setting forth an alleged attempt of defendant to cause the witness Anderson to leave the jurisdiction of the court, so that he could not appear at the second trial as a witness. The persons, who were supposed to have acted for defendant in inducing Anderson to leave, were taken into custody, and their statements, as to their connection with the affair, were all given full publicity. It also appears that counsel, who appeared for defendant at the first trial, refused to appear for him at the second trial. Defendant procured counsel residing in a distant city, and this attorney sought to secure the assistance of local counsel, and did employ a member of the bar of Valley county to assist in the trial of the case, but before the trial this attorney

Olsen v. State.

withdrew and refused to participate in the trial. Counsel representing defendant was unable to secure any assistance from the local bar to aid him in the trial of the cause, or even to assist in impaneling a jury. It is inferable from the record that the refusal of resident counsel to appear in behalf of the defendant was because of the unpopularity which they might incur and the injury which they might sustain to their professional business and standing in the community if they should appear as counsel for defendant. Many persons, who were approached by the nonresident counsel for defendant and asked to make affidavits in support of the motion for a change of venue, readily admitted to him that there was an intense feeling against the defendant in the community, that they did not believe defendant could secure a fair and impartial trial, but were unwilling to make affidavits and refused so to do.

Suffice it to say that, from the whole record, we are convinced that there was such a feeling of hostility existing against the defendant in Valley county that we believe it was improbable that he could therein have a fair and impartial trial.

We are not unmindful of the rule, well established, that, ordinarily, the question of granting a change of venue rests in the sound discretion of the trial court; but, when the public sentiment of a community is aroused and a general feeling of hostility against the defendant is shown to exist, its effect upon a jury is to prevent a calm and dispassionate inquiry into the merits of the controversy. Under our Constitution, every one is entitled to a fair and impartial trial—a trial where the court and the jury will be governed by the evidence alone in determining the guilt or innocence of the accused. Under the facts disclosed, the verdict may reflect the clamor and the feeling of the community. The situation is not unlike that presented in *Richmond v. State,* 16 Neb. 388, where a conviction was reversed for refusal to grant a change of venue. We deem the showing for a change of venue to be such that it was error to deny the motion.

The judgment of the district court is accordingly reversed and the cause remanded, with directions to grant a change of venue to defendant.

REVERSED.

Note—See Indictments and Informations, 14 R. C. L. 208; 31 C. J. sec. 531; Criminal Law, 27 R. C. L. 828; 16 C. J. secs. 306, 307.