## PERKINS v. SHERIFF OF CALCASIEU PARISH, LA.

District Court, W. D. Louisiana, Lake Charles Division.    June 25, 1927.

No. 1675.

1. **Constitutional law** ⟨⟩270—**Petitioner sentenced without being represented by counsel held not deprived of liberty by state authorities without due process of law.**

That a state court imposed the maximum sentence on defendant under each count of an indictment, that it did not appoint counsel to represent him, or that he was sentenced without opportunity to file motion for new trial which was not necessary to appeal under the law of the state, *held* not to entitle him to discharge on *habeas corpus* as held without due process of law.

2. **Criminal law** ⟨⟩641(1)—**Constitutional provision that defendant shall have assistance of counsel does not apply to prosecutions in state courts (Const. Amend. 6).**

Provision of Const. Amend. 6 that defendant shall have assistance of counsel does not apply to prosecutions in state courts.

Habeas Corpus. Petition of Harvey Perkins against the Sheriff of Calcasieu Parish, La., for writ of habeas corpus. Denied.

T. A. Edwards, of Lake Charles, La., for relator.

DAWKINS, District Judge. [1] After careful consideration of the application for writ of habeas corpus herein, I am of the opinion that it does not, on its face, present a case entitling the applicant to the relief prayed for. I think the facts alleged do show due process of law within the meaning of the Federal Constitution. The only facts set out to support the charge of unfairness on the part of the court are that he imposed the maximum sentence under each charge, failed to appoint counsel to represent the accused and sentenced him without opportunity to file a motion for new trial.

[2] The first was a matter of discretion with the court; as to the second, the Supreme Court of Louisiana has held that the court does not have to appoint counsel unless asked for by the accused; and the filing of a motion for new trial is not a condition precedent to an appeal. The provision of the Federal Constitution guaranteeing the right to be represented by counsel (Sixth Amendment) has no application to a prosecution in the state court. It is also settled that the right to be tried by a jury, likewise guaranteed by the Constitution of the United States, does not apply to a charge under the state law. Both the state and federal governments have the power to enforce the Eighteenth Amendment, and the accused could be charged and tried in both jurisdictions for the same act if it were a violation of their respective laws. Possession, manufacture, and sale of intoxicating liquors are made distinct offenses under both the Volstead Act (27 USCA) and Hood Bill (Act La. No. 39 of 1921 [Ex. Sess.] as amended). Hence, if the court found the accused guilty of all these charges, I see no reason why sentence could not be imposed under each.

For the reasons above assigned, the application for the writ is denied.