STATE OF NEBRASKA V. JAMES SEWARD.

FILED MARCH 23, 1929. No. 26459.

H. F. Mattoon, for plaintiff in error.

H. H. Wilson, contra.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and DAY, JJ., and BLACKLEDGE and REDICK, District Judges.

GOSS, C. J.

This cause appears here on exceptions by the state to rulings of the district court in a criminal trial.

October 3, 1927, a complaint in two counts was filed against James Seward before a justice of the peace. The first count charged intoxication. The second count charged unlawful possession of liquor on said day in defendant's private dwelling-house and alleged, with specifications, a previous conviction, on June 11, 1927, for unlawful possession of liquor. Trial was had and the justice fined defendant on the first count and sentenced him to 60 days in jail on the second count. He appealed.

The cause came on for trial in the district court December 8, 1927. Prior to arraignment on said day, the defendant moved to quash the second count, on grounds which will be stated presently. The court overruled the motion. After the trial had been entered upon, the defendant objected to the introduction of any evidence relating to the second count and moved to strike all evidence given in support thereof. The reasons for the motion were, in short, substantially as in the motion to quash, that the second count, as shown by the transcript of the justice of the peace charged that the defendant had "intoxicating liquor in his private dwelling-house, for the purpose of sale,"

whereas, the original complaint (which was sent up to the district court by the justice) charged that the defendant had "intoxicating liquor in his private dwelling-house, for the purpose of unlawful sale, use and disposition." The court sustained the motion on the express theory that the complaint described in the transcript was the controlling one on which the defendant was tried below and that the variance between that and the original complaint was fatal. The court sustained the motion as to the second count. We have examined the original complaint and find that it states an offense in the second count. Hence, the ruling complained of is on a material matter.

Thereupon the state asked leave to make a showing to have the transcript corrected to show that in the lower court the state had asked and obtained leave to amend the complaint. This was overruled.

The state then asked leave to file an amended complaint to conform to the transcript. This was denied.

Thereupon, the second count being dismissed, the defendant obtained leave to withdraw his plea of not guilty to the first count and to plead guilty on that count. With that feature of the case we have nothing to do.

The then district judge who tried the case below appeared by his attorney in this court and by brief and oral argument resisted the sustaining in this court of the exceptions duly taken by the state in the court below.

He objects to our jurisdiction to consider the exceptions because no motion for a new trial was filed by the state in the court below. This is a statutory matter specially provided for. The defendant is not concerned at all in its event; he has been discharged on this count. No motion for a new trial would avail anything to the state. None is provided for in the statute, nor is any implied therein for such a case as is before us. As provided by statute, the reasonable notice to the judge has been given, he has appeared by a competent attorney to argue the case, and doubtless his only remaining function suggested by the statute will be duly performed by the judge—to fix the

limited compensation allowed for his attorney, to be paid out of the treasury of the county. Ordinarily a motion for a new trial is not necessary in such a proceeding. None was necessary here. Comp. St. 1922, sec. 10192.

The state excepted chiefly to the court's ruling that there was a substantial variance between the original complaint and the justice court's transcript and excepted also to the rulings refusing the state an opportunity to reconcile any difference between them, or to permit the case to be tried on the original complaint, or to permit a new complaint to be filed. Section 10001, Comp. St. 1922, expressly provides that the trial on appeal from a magistrate shall be upon the original complaint. It further provides that, if the original complaint be found insufficient or defective, "the court, at any stage of the proceedings, shall order a new complaint to be filed therein."

The state suggested a diminution of the record and was prepared to show by the magistrate that his transcript was erroneous in fact and that, as offered to be corrected, it would show the complaint to be exactly in words as the original complaint on which the defendant was put upon his trial in the district court. The objection of the defendant was to the effect that the original complaint showed the interlineation of the words "use and disposition." The state offered to show by the magistrate and to produce his order, made *nunc pro tunc,* that in the justice court the complaint had been duly amended before trial to include the words named above. The district court refused these offers and held that the only change he would permit in the transcript would be to "insert any matter in that transcript which the records now show in the court below."

No inference can be drawn from the mere interlineation of the words "use and disposition" in the original complaint that they were so inserted in that complaint after the hearing or without authority. *Hoover v. State,* 48 Neb. 184. That was a trial under the Code for a felony; but trials for minor offenses are governed by the gen-

eral provisions of the Criminal Code "as far as the same are in their nature applicable." Comp. St. 1922, sec. 9998. The prosecutor tried by every way applicable to satisfy the captious objections of the defendant to reconcile an apparent variance between the original complaint and the transcript. These offers did not meet with the approval of the trial judge.

It is suggested that the original complaint was altered by the interlineation of the words "use and disposition" and that such alteration was made without authority. "Interlineations or erasures cast less suspicion upon official acts or documents than upon mere private papers. If an interlineation or erasure appears on the face of a public record, such as an officer's return, or an official document, or one coming from proper official custody, and there is no evidence to show when it was done, it will be presumed, in the absence of evidence to the contrary, to have been done when the officer had authority to do it. So papers filed in court will not be presumed to have been fraudulently altered on account of interlineations or erasures." 2 C. J. 1278, sec. 195, and cases cited thereunder.

If a magistrate may, by design or by oversight, so make his own records, or so certify a record, as not to state correctly any material fact involved in or necessary to a trial of the case on appeal, it would lead to injustice never contemplated by either the spirit of the law nor by the practice and procedure laid down in the Criminal Code and in the interpretations thereof by the court. These matters are vital not only to a defendant but to the state. We reject the idea. We hold that the court should, in that stage of his rulings, have allowed the offered proof to be tendered.

However, back of that in the history of the trial, we are of the opinion that the trial court erred basically in not allowing the case to proceed on the original complaint. The trial in such a case is to be had on the original complaint "unless found insufficient or defective" and a new complaint is thereupon filed. Comp. St. 1922, sec. 10001.

As shown in the statement of this case, a motion to quash was filed before the beginning of the trial and was overruled. Defendant was then arraigned and pleaded not guilty. Evidence was taken. The objections to the evidence resulting in the situation heretofore described were the same as in the motion to quash, which was overruled. Defendant attempted to do and succeeded in doing by indirection what he had failed to do by direct attack. Section 10113, Comp. St. 1922, is as follows: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue." We held in *Olsen v. State*, 114 Neb. 112: "By entering a plea of not guilty to a criminal information, the defendant waives all defects therein which may be excepted to by a motion to quash or a plea in abatement." We further said: "Had he attacked the information by motion, and had it been sustained, an amended information might have been filed." *Lindley v. State*, 117 Neb. 597, and cases there cited. The defendant is not here for review, but the rulings of the court are here for consideration on exceptions. Can it be said and be supported by reason or logic that a trial court may refuse to quash a complaint and later, on the trial, on identically the same facts, refuse to allow the complaint to be amended, and dismiss it? We are of the opinion that the trial court erred and that the exceptions taken by the county attorney should be sustained.

EXCEPTIONS SUSTAINED.

Note—See Criminal Law, 16 C. J. 383 n. 71; 17 C. J. 86 n. 41—Intoxicating Liquors, 33 C. J. 731 n. 81.