### BURALL v. JOHNSON.
### No. 10354.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1943.

Writ of Certiorari Denied June 7, 1943.

See ── U.S. ──, 63 S.Ct. 1327, 87 L.Ed. ──.

Louis Burall in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In February 1939, after a jury trial in which he was represented by counsel, appellant was convicted in a federal court in Illinois of a violation of the postal laws —assaulting a custodian and robbing the mails—and was sentenced to imprisonment for a period of twenty-five years. He petitioned the court below for a writ of habeas corpus, asserting that he had been denied due process in that he was convicted on the evidence of a confession secured from him by duress, threats, and promises, being forced thereby to become a witness against himself. The petition was denied and the petitioner appeals.

██ It appears on the face of the application that the court had jurisdiction of the person and of the offense charged. No appeal was taken from the judgment of conviction. This is not a situation where, as in Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302, a plea of guilty was induced by coercion. The writ of habeas corpus can not be used as a writ of review, or as a means of correcting error in the admission of evidence. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455; Johnson v. Zerbst, 304 U.S. 458, 467, 58 S.Ct. 1019, 82 L.Ed. 1461; Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; Vermillion v. Zerbst, 5 Cir., 97 F.2d 347. The time to inquire into the circumstances of the confession was during the progress of the trial, and error committed, if any, was subject to correction on appeal.

Affirmed.