**BURALL v. JOHNSTON, Warden.**

**No. 22785–S.**

District Court, N. D. California, S. D.

Dec. 15, 1943.

J. W. Ehrlich, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner made personal application to Hon. M. J. Roche, one of the judges of this court, for a writ of habeas corpus, claiming that he is unlawfully restrained of his liberty by the warden of Alcatraz prison. He states that he is held under commitment from the United States District Court of the Southern District of Illinois, and that his commitment and sentence were void for lack of jurisdiction. Briefly, he charges that his constitutional rights were invaded because he was denied assistance of counsel at his preliminary hearing before the Commissioner.

1. In a letter, accompanying the petition, addressed to Judge Roche, petitioner states: "This ·is the third writ I tried to get you to hear as I believe you are a fair and unbiased Judge, the first one was given to Mr. Louderback now deceased and then heard and denied by A. F. St. Sure; the second one was heard and denied by Welsh; the third one by St. Sure and denied; I then sent this same petition to the Honorable Circuit Judge, who has instructed me as to how to get the petition to you."

Judge Roche directed the Clerk to file the petition and under Rule I of the Rules of Practice of this court it was assigned to me for hearing and decision. Wright v. Johnston, D. C., 49 F.Supp. 748.

Notwithstanding the established practice of this Court, which has obtained many years and is found convenient for the dispatch of its business, petitioner insists that he may "select his own judge, and cannot be remitted to some judge he does not select." In this contention petitioner is sustained by Circuit Judge William Denman who, in an opinion filed October 23, 1943, "upon motion for hearing an application for a writ of habeas corpus heretofore denied" (No. 22794 Ruthkowski v. Johnston, D. C., 52 F.Supp. 430, 432), says: "I do not agree with the holding that an application for a writ of habeas corpus addressed to one judge is to be deemed as addressed to the court of which he is a member, and hence becomes subject to a rule of court transferring the case, not to the court, but to some other judge to whom it is not addressed. Nor do I agree that one judge may transfer to any court or to any other judge his jurisdiction to entertain such an application addressed to him. Cf. Chow Loy v. United States, 1 Cir., 112 F. 354, 359 and cases cited."

Judge Denman criticises the opinion of Judge Goodman in Wright v. Johnston, supra, and states that "a perversion of the requirement of granting the writ 'forthwith' well may arise from the administration of Rule 1, with the assignment to one of the four district judges of that court of the habeas corpus applications in rotation with other civil actions." The learned Judge then gives an inept illustration of·a "sickly citizen of New York, wrongfully held without any judicial commitment, in a private sanatorium in San Francisco, where California citizens are so confining him hoping he will die, [and should application be made here in his behalf it] must be assigned by the Clerk to the judge in Sacramento, or Eureka, or Los Angeles, or to the one sick in bed, or on vacation in New York, if the rotation so results."

Practical administration of rule I shows that the "perversion" feared and described by Judge Denman cannot happen. If the supposititious "sickly citizen of New York, wrongfully held" in San Francisco should apply, or application be made in his behalf, to this Court, or a judge thereof, for a writ of habeas corpus, any judge of the Court present in San Francisco would allow the petition to be filed, and under rule I it would be immediately assigned to a judge of the Court for hearing and decision; should the judge to whom it was assigned be absent, the senior judge then present in San Francisco would consider and dispose of the pending application. As a concrete example, that is exactly what happened in the case of the first petition filed in this Court by petitioner.

In his letter to Judge Roche (see above) petitioner says: "the first one was given to Mr. Louderback now deceased, and then heard and denied by A. F. St. Sure." As to that first petition, the record shows (23592–L) that personal application was made to Judge Roche for its filing; Judge Roche directed that the petition be filed, which was done; and under rule I the assignment fell to Judge Louderback on November 15, 1941. Judge Louderback was absent from San Francisco holding a session of Court at Sacramento. In his absence his docket and calendar were under my charge. Judge Louderback suddenly died at Sacramento on December 11, 1941. Petitioner's application was considered by me, in the "absence" of Judge Louderback, and denied on January 2, 1942.

I think that the procedure adopted and followed by this Court in the premises is sustained by the law as expressed by Judge Goodman in his opinion in Wright v. Johnston, supra, and the cases therein cited. In addition, I think In re Kaine, 14 F.Cas. 84, 87, No. 7,598, is in point, where the Court said: "The court having power to grant the writ and act upon its return, the judge who awards it at chambers may make it returnable in court, instead of before himself personally." And compare Ex parte Craig, 2 Cir., 282 F. 138, 145, (affirmed 263 U.S. 255, 44 S. Ct. 103, 68 L.Ed. 293), where the Court said: "In commenting upon the writ * * * it is necessary to have in mind the language of sections 751 and 752 [28 U.S.C.A. §§ 451, 452] * * * and to note the distinction made therein between the power to issue and the power to grant. Section 751 gives to the *courts* named therein the power to *issue* the writ. And section 752 gives to the *judges* of the courts specified the power to *grant* the writ. To grant the writ is to give permission for its issuance. When that permission is given it issues from the court." (Emphasis supplied.)

2. Petitioner further alleges that he "must now explain that he filed for a writ of habeas corpus stipulating that he did not desire A. F. St. Sure or Martin I. Welsh to set on his cause as they had previously denied his application for writ of habeas corpus, and he knew for sure, that A. F. St. Sure was, and is, prejudiced to petitioner, and said St. Sure cannot hand down to petitioner a fair and impartial justice; as for the Honorable Judge Welsh, petitioner believes he was mislead."

Section 25 of Title 28 U.S.C.A. provides in part: "Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated * * * to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, * * *."

Petitioner has not set forth any facts showing personal bias or prejudice on my part; the only reason that he gives for his statement that I am prejudiced is that I denied a prior petition for a writ of habeas corpus.

The cases hold that section 25 must be strictly construed, and the affidavit filed must state the facts and reasons which tend to show personal bias or prejudice. A judge may not be ousted merely because he makes a ruling adverse to the litigant. See Ex parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44, 33 S.Ct. 1007, 57 L.Ed. 1379; Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481; Walker v. United States, 9 Cir., 116 F.2d 458, 462; Beland v. United States, 5 Cir., 117 F.2d 958, 960, certiorari denied 313 U.S. 585, 61 S.Ct. 1110, 85 L. Ed. 1541, rehearing denied, 314 U.S. 708, 62 S.Ct. 54, 86 L.Ed. 565; Refior v. Lansing Drop Forge Co., 6 Cir., 124 F.2d 440, 445; Price v. Johnston, 9 Cir., 125 F.2d

806, 811. Under the circumstances I do not feel that I should disqualify myself from disposing of this matter.

3. Upon the merits petitioner contends that because he was denied the assistance of counsel at the preliminary hearing before the Commissioner his constitutional rights were invaded.

The preliminary hearing is not a trial within the meaning of the Constitution, but an ex parte proceeding. Ex parte Bollman and Ex parte Swartwout, 4 Cranch 75, 8 U.S. 75, 129, 2 L.Ed. 554; In re Bates, 2 Fed.Cas. 1015, 1018, No. 1099a; United States v. Bollman, 24 Fed.Cas. 1189, 1194, No. 14,622. Since there is no constitutional right to a preliminary examination (Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343; Garrison v. Johnston, 9 Cir., 104 F.2d 128, 130; Moore v. Aderhold, 10 Cir., 108 F. 2d 729, 731; Clarke v. Huff, 73 App.D. C. 351, 119 F.2d 204), it follows that there is no invasion of constitutional rights if the accused is not represented by counsel at a hearing held before the Commissioner.

As the petition for the writ appears to be insufficient on its face (Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Lovvorn v. Johnston, 9 Cir., 118 F.2d 704; Osborne v. Johnston, 9 Cir., 120 F.2d 947; Burall v. Johnston, 9 Cir., 134 F.2d 614), it will be denied.

ROCHE, WELSH, and GOODMAN, District Judges, concur.