ORAL RORERTS, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

17 N. W. 2d 666

FILED FEBRUARY 23, 1945. No. 31865.

*L. R. Doyle,* for plaintiff in error.

*Walter R. Johnson, Attorney General, H. Emerson Kok-jer* and *John H. Comstock, contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

Defendant was charged with and convicted of the crime of sodomy. He appeals. We affirm the decision of the trial court.

Defendant's principal assignment of error arises as the result of the following situation, as shown by the evidence. Late one evening, two police officers came upon the defendant and another man, then engaged in the commission of the offense charged. The two men were taken to the police station that night.

On the following day, defendant was taken before the municipal court for a preliminary hearing, pleaded guilty to the charge of sodomy, and was bound over to the district court. Thereafter, an information charging the offense was filed in the district court; the defendant, being present in court with his counsel, was arraigned, the information was read to him, and he entered a plea of not guilty, without in any way questioning the proceedings at the preliminary hearing.

Defendant argues that he was denied counsel at his preliminary hearing, in violation of section 11, art. I of the Constitution of Nebraska, and of Article VI of the Amendments to the Constitution of the United States. He raises the matter for the first time in his assignments of error and argument here. The objection raises the question as to the validity of the preliminary examination. The evidence of defendant, upon which this contention is based, was offered to explain his plea of guilty at the preliminary hearing, and was to the effect that when the information was read to him, he misunderstood the charge; that he thought it involved a charge of violating a parole; that he did not intend to plead guilty to a charge of sodomy; and that he was not guilty of that offense. His testimony as to a request for counsel is that "When I was booked and I asked to get in touch with an attorney or my folks, they wouldn't let me get in touch with nobody." There is no testimony that he asked for an attorney or raised the question of counsel otherwise when he appeared before the court at the preliminary hearing.

Section 29-1812, R. S. 1943, provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar or the general issue." Under this section, we have repeatedly held that the objection that the defendant in a criminal case has not had a preliminary examination is waived unless raised before he enters a plea of not guilty. *Dinsmore v. State,* 61 Neb. 418, 85 N. W. 445; *Reinoehl v. State,* 62 Neb. 619, 87 N. W. 355; *Greenough v. State,* 136 Neb. 20, 284 N. W. 740. Section 29-1607, R. S. 1943, provides that "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, * * * unless such person shall waive his right to such examination; * * * ." Under this provision we have held that it is too late after verdict to raise the objection that a preliminary examination has not been had, and that such objection must be raised, before going to trial, by motion

to quash or by plea in abatement. *Meyers v. State*, 104 Neb. 356, 177 N. W. 177. Certainly, if the preliminary hearing as an entirety may be waived, then one step in that hearing may likewise be waived.

But, this decision need not rest on the procedural point alone. It is clear the preliminary hearing before the magistrate is not a criminal prosecution or trial within the meaning of section 11, art. I of our Constitution. It is in no sense a trial of the person accused. Its purpose is to ascertain whether or not a crime has been committed, and whether or not there is probable cause to believe the accused committed it. *Latimer v. State*, 55 Neb. 609, 76 N. W. 207; *Van Buren v. State*, 65 Neb. 223, 91 N. W. 201; *Adams v. State*, 138 Neb. 613, 294 N. W. 396; R. S. 1943, sec. 29-506.

The rule is that in the absence of a statute a person accused of an offense is not entitled as of right to representation by counsel upon his preliminary examination. 16 C. J., sec. 579, p. 324; 22 C. J. S., sec. 339, p. 498; *Blanks v. State*, 30 Ala. App. 519, 8 So. 2d 450. Section 29-1803, R. S. 1943, requiring the court to assign counsel to an accused person in certain cases, who has not the ability to procure counsel, by its terms does not extend to the preliminary hearing.

The sixth amendment to the Federal Constitution applies only to trials of criminal prosecutions in federal courts. *Gaines v. Washington*, 277 U. S. 81, 48 S. Ct. 468; *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019; *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252; *Perkins v. Sheriff of Calcasieu Parish*, 23 F. 2d 892. In federal courts, the provisions of the sixth amendment distinctly mean a criminal prosecution against a person who is accused, and who is to be tried by a petit jury. *Counselman v. Hitchcock*, 142 U. S. 547, 563, 12 S. Ct. 195. Also, in federal court, the preliminary hearing is not a trial within the meaning of the Constitution, and there is no invasion of constitutional rights if the accused is not represented by counsel at such a hearing. *Burall v. Johnston*, 53 F. Supp. 126.

The due process clause of the fourteenth amendment to the Constitution of the United States does not incorporate, as such, the specific guaranty of counsel found in the sixth amendment. *Betts v. Brady, supra.* The fact that the examining magistrate did not, on his own motion, provide counsel for the accused at the preliminary hearing certainly is not a denial of due process of law.

It necessarily follows that the constitutional guaranties of right to counsel, which defendant invokes, do not extend to the preliminary hearing before a magistrate.

During his opening statement to the jury, the county attorney told the jury that defendant "begged the police not to take him to jail because he was out on parole for the same thing." Defendant objected that the statement was prejudicial and moved for a mistrial. The court denied the motion.

The state offered the evidence of the arresting officer. He testified that at the time of the arrest, the defendant asked to talk to one of the officers alone. He was asked what, if anything, the defendant said to him and he to the defendant at the time of the arrest. To that question objection was made and overruled. The officer then, in response to the question "Just tell the jury," testified that "Mr. Roberts begged me not to take them in. He said it would go awfully hard with him. And I asked him why, and he said he was out on parole. I asked him what he had been sent up for, and he said sodomy. And I said 'What do you mean,—sodomy?' And he said 'Just what we were doing here when you came up.' "

Defendant contends that the county attorney committed error in making the quoted statement in his opening remarks to the jury, and that the court erred in not sustaining his motion for a mistrial. Coupled with this is the assignment that the trial court erred in permitting the police officer to give the quoted testimony as to the conversation. In connection with this latter assignment, it is noted that while defendant objected to the foundation question, he did not, by motion, or otherwise, object to the answer, ask that it be stricken, or that the jury be instructed not to consider

it, nor did he move for a mistrial. The evidence referred to in the opening statement and in the testimony of the officer amounted to an admission or confession of guilt of the crime of sodomy, strengthened by the statement that he, defendant, knew what the crime was, for he was out on parole for a similar offense. The statement by defendant was self-inspired, voluntarily and freely made. It was obviously admissible as a confession. The trial court did not err in his rulings relating thereto.

The state offered in evidence the page of the municipal court records showing the arraignment and plea of guilty. Defendant objected to its admission. The trial court overruled the objection, admitted the exhibit in evidence, and it was read to the jury. The defendant then moved for a mistrial, which motion the trial court overruled.

Defendant assigns this as error, basing his argument on the proposition that the plea was made after he had been denied a right to, and the advice of, counsel at the preliminary hearing. The question of right to counsel has been determined adverse to defendant's contention. In *Adams v. State, supra,* we discussed the question of pleas before an examining magistrate, and quoted with approval the following: " * * * 'The general rule is that a plea of guilty to a criminal offense on arraignment before a committing magistrate is admissible against accused as a confession, on the trial of the indictment for the offense.'" We think that evidence as to the plea was properly admitted as a confession.

During the closing argument, the county attorney told the jury that he would dismiss the case if he did not think there was evidence to sustain a conviction. Defendant objected to that and moved for a mistrial, which motion the trial court overruled.

Although not included in his assignments of error, defendant in argument contends that this constituted prejudicial error. Defendant says that this amounted to an expression of opinion as to guilt or innocence. The rule is: "It is highly improper for the prosecuting attorney in a

criminal case to declare to the jury his personal belief in defendant's guilt, unless such belief is given as a deduction from the evidence." *Balis v. State,* 137 Neb. 835, 291 N. W. 477. See, also, *Reed v. State,* 66 Neb. 184, 92 N. W. 321; *Olsen v. State,* 113 Neb. 69, 201 N. W. 969. Here, the county attorney expressed his belief that the evidence was sufficient to sustain a conviction. We do not find prejudicial error in the remark made.

We have examined the entire cause and consider that no substantial miscarriage of justice has actually occurred. R. S. 1943, sec. 29-2308.

The judgment of the district court is affirmed.

AFFIRMED.