Louis Burall, in pro. per.
No appearance for respondent.

**BURALL v. JOHNSTON, Warden.**

**No. 25213–S.**

District Court, N. D. California, S. D.
Oct. 19, 1945.

ST. SURE, District Judge.

This is petitioner's fifth petition for writ of habeas corpus. The first, No. 23592–L, was filed November 15, 1941, and denied by me on January 2, 1942, certiorari denied, 316 U.S. 650, 62 S.Ct. 1300, 86 L.Ed. 1732. The second, No. 23687–W, was filed July 13, 1942, and denied by Judge Martin I. Welsh on November 14, 1942. The Ninth Circuit Court of Appeals affirmed, 134 F.2d 614, certiorari denied 319 U.S. 768, 63 S.Ct. 1327, 87 L.Ed. 1717, rehearing denied 320 U.S. 810, 64 S.Ct. 30, 88 L.Ed. 490, second petition for rehearing denied 320 U.S. 812, 64 S.Ct. 187, 88 L.Ed. 490. The fourth petition, No. 22785–S was filed before me on October 1, 1943, and denied on December 15, 1943, 53 F.Supp. 126, affirmed on appeal, 9 Cir., 146 F.2d 230, certiorari denied June 18, 1945, 325 U.S. 887, 65 S.Ct. 1567.

■ It is apparent that the petition does not show sufficient facts upon its face to warrant the granting of the writ, but nevertheless it has been considered "with solicitude for the essential rights of the accused." Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 465, 86 L.Ed. 680.

Petitioner was charged with violation of section 320, Title 18 U.S.C.A. (assault-

826

ing mail custodian and robbing mail) in the United States District Court for the Southern District of Illinois, Northern Division. He was tried and convicted by a jury and thereafter, on February 11, 1939, sentenced to serve twenty-five years in a penitentiary. At the trial he was represented by counsel appointed by the trial judge.

Petitioner contends that the judgment of sentence and commitment is void because he was not represented by counsel at the hearing before the Commissioner; because the evidence obtained at the Commissioner's hearing was evidence obtained through coercion and used to procure the indictment; and because he was denied assistance of counsel of his own choice.

 The question of the right to assistance of counsel at the preliminary hearing before a Commissioner was decided adversely to petitioner in Burall v. Johnston, D.C., 53 F.Supp. 126, affirmed 9 Cir., 146 F.2d 230, certiorari denied June 18, 1945, 325 U.S. 887, 65 S.Ct. 1567.

In support of his second contention, that evidence was obtained by coercion at the hearing before the Commissioner, petitioner cites McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. In the McNabb case, before defendants were taken before the Commissioner they were submitted to a "relentless sweating process" by federal officers, through which incriminating statements were obtained which were made the basis for criminal prosecution. No such circumstances are shown here. The holding in the McNabb case was not intended to extend to legal hearings before a Commissioner. And as was said in Burall v. Johnston, 9 Cir., 134 F.2d 614: "The time to inquire into the circumstances of the confession was during the progress of the trial, and error committed, if any, was subject to correction on appeal."

On the question of the right to the assistance of counsel of his own choice, petitioner cites Glasser v. United States, supra. It is obvious that the facts relied on here were known to petitioner when he filed his prior petitions. If he intended to rely upon them he should have urged them in the first petition. "To reserve them for use in a later proceeding 'was to make abusive use of the writ of habeas corpus.'" Swihart v. Johnston, 9

Cir., 150 F.2d 721, 723. Furthermore, it appears that petitioner is attempting to use the writ of habeas corpus as a writ of review or as a means of correcting error in the admission of evidence. This he cannot do. Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455; Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

Subsequent to the filing of this petition for writ of habeas corpus and after assignment under Court rules of the case to the undersigned, petitioner filed a motion to remand this petition for hearing to Judge Michael J. Roche upon the ground that he addressed his petition to Judge Roche. This is an attempt on the part of petitioner to select the Judge before whom he wishes the petition heard, which he may not do. Burall v. Johnston, D.C., 53 F.Supp. 126, supra.

The motion to remand and the petition for writ of habeas corpus will be denied.