## *In re* FITTON.

(*Circuit Court, D. Vermont.* February 12, 1891.)

1. EXTRADITION—DIFFERENT OFFENSE—HABEAS CORPUS.

Where a requisition for a fugitive was based on an affidavit charging larceny, made before a notary public, instead of before a magistrate, as required by Rev. St. U. S. § 5278, and for that reason the governor refused to issue his warrant, and the accused, when told that the defect was merely formal, and would be corrected, though not informed of the governor's refusal of the warrant, waived the defect in writing, and consented to go at once, stipulating that he was only to be taken upon the charge of larceny. and nothing else, he is entitled to release on *habeas corpus* from a subsequent arrest upon the charge of forgery, and has the same rights as if he had been delivered up by the governor, and he cannot be proceeded against on any charge other than that for which he was extradited until opportunity has been given him to return to the state from which he was extradited.

2. SAME—FEDERAL JURISDICTION.

As a requisition for a fugitive from justice rests altogether on the constitution and laws of the United States, a question as to the validity of the arrest and imprisonment of the accused on the charge of a different offense than that for which he was extradited is within the provisions of Rev. St. U. S. § 753, giving federal courts jurisdiction to issue writs of *habeas corpus.*

3. SAME—PROTECTION AND OPPORTUNITY TO RETURN.

Where an extradited prisoner who is out on bail is arrested on a different charge than that for which he was extradited, the court, in granting a writ of *habeas cor-*

*pus.* and giving him opportunity to return to the place from which he was brought, will not extend the protection until a reasonable time after the proceedings then pending are ended, but will only give him a present opportunity to return.

*Habeas Corpus.*
*Martin H. Goddard* and *Eleazor L. Waterman*, for relator.
*Kittredge Haskins*, for the State of Vermont.

WHEELER, J. Application for this writ may be made to a court or judge. When made to a judge, the writ may be taken into the court of which he is judge. *Ex parte Clark*, 100 U. S. 399. The circuit court was in session, and, although this writ was issued by the judge, it is taken into that court, and disposed of as by the court. Formerly the view was prevalent that when a court had jurisdiction of an offense and prisoner the manner of obtaining possession of the prisoner for trial was not material. *In re Miles*, 52 Vt. 609, (1875;) *U. S.* v. *Lawrence*, 13 Blatchf. 295, (1876.) In *U. S.* v. *Rauscher*, 119 U. S. 407, 7 Sup. Ct. Rep. 234, the supreme court held that a prisoner surrendered under the treaty of 1842 with Great Britain could not be tried for any other offense till after reasonable time to depart, on the ground that by general international law "the country receiving an offender against its laws from another country had no right to proceed against him for any other offense than that for which he had been delivered up," and that the treaty carried out this principle. The states of the United States are independent governments, and have all the rights of nations, except what have been conferred upon the general government. What was surrendered as to this is set forth in section 2, art. 4, of the constitution of the United States, which provides that—

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

Here is no giving up of the right under international law as between the states in respect to the crimes for which the person delivered may be tried. The right to demand is conferred, and the duty to deliver is imposed; the rest remains as if settled by treaty between the states as nations. The laws of the United States do no more than to prescribe details for carrying out this provision. Rev. St. U. S. § 5278. These require that the person demanded shall be charged with the crime for which he is wanted by an indictment found, or an affidavit made before a magistrate, and that a copy certified as authentic shall be produced as a foundation for the demand. If he is held for another crime committed previously, without opportunity to return, this requirement is nullified as to this crime, and he and the executives are deprived unlawfully of this safeguard. In the *Case of Hope*, Gov. Hill of New York, on full argument, applied this principle to the prisoner, who had been brought on a requisition from California, and revoked a warrant for his removal on demand by the governor of Delaware. 40 Alb. Law J. 441. The same prisoner was immediately arrested on a warrant for another crime

previously committed in New York, and discharged by the circuit court for the southern district of New York without a written opinion, as mentioned by Judge BROWN. 41 Fed. Rep. 473. This view was approved by him. *In re Baruch*, 41 Fed. Rep. 473. The same has been held by the supreme court of Kansas. *State* v. *Hall*, 40 Kan. 338, 19 Pac. Rep. 918. These cases are to be followed for the present, at least. This right attaches to the prisoner as well as to the state from which he is taken. The relator is entitled to be protected against proceedings for crimes other than that for which he was brought, if he was received on requisition.

The relator, by the name of John Rice, was in jail in Troy, N. Y., committed without warrant by police officers. The governor of Vermont made requisition on the governor of New York for him for larceny at Bennington, and appointed John Nash agent to receive him. The affidavits of the offense were made before a notary, and not before a magistrate, as required, and the governor of New York declined to issue a warrant unless they should be properly verified. On being informed of the defects, but not of this refusal, the relator signed a waiver of—

"All demands and defects, if any there be, in the requisition papers now in the hands of officer John Nash, of Bennington, Vt., said requisition papers being issued by the governor of Vermont to the governor of the state of New York, dated Jan. 27th, '91, for my arrest and surrender to the state of Vermont upon the charge of larceny, and it is hereby agreed that I am only taken upon said said charge of larceny, and nothing else, and I ask to be taken to Bennington, Vt., at once."

A police magistrate directed the officers of the jail to "deliver to officer Nash of Vermont the body of one John Rice." The jailer thereupon delivered the relator to Nash, who took him to Bennington. He was released from the charge of larceny on bail, and was immediately arrested for intoxication, and held on that charge without trial until he could be arrested on the charge of forgery in Windsor county, on which he was held when he applied for this writ. The counsel for the state urges with plausibility that he came to this state voluntarily, and not by force of the requisition. The evidence shows that he was given to understand that the defects were formal only, and would be cured if he did not waive them, and that he did not intend to waive any immunities of the requisition by waiving the defects. The right of the governor of the demanding state rests upon the constitution of the United States. *Kentucky* v. *Dennison*, 24 How. 66. The warrant from the governor of the state where the person charged is found is only necessary for saving the peace of that state. The waiver accomplished this, and authorized the agent to receive the relator upon the requisition, which he did. When so received, the laws of the United States empowered the agent to transport the relator to the state of Vermont. Rev. St. U. S. § 5279. Whether the relator came voluntarily or upon the requisition is a question of fact. Upon this question the testimony and circumstances show very clearly that he came by coercion of the requisition, in obedience to the authority conferred by it. When brought in this manner, he came clothed with

the same rights as to being held upon other charges than that upon which he was brought as if he had been delivered to the agent upon the warrant of the governor of New York. No opportunity whatever was given to him to return before arrest upon the charge upon which he is held. That he was deceived or forced into coming would afford no ground for his release in this manner. Inquiry here can only be made into his rights arising out of the proceedings against him under the constitution and laws of the United States. *Ker* v. *Illinois*, 119 U. S. 436, 7 Sup. Ct. Rep. 225. No force or fraud is, however, to be imputed to any of these officers. The agent of the state did not know of the charge of forgery when he was using the requisition, and the sheriff, in executing his warrant on that charge, did no more than he deemed to be his duty in that behalf.

A question is made whether the federal courts have jurisdiction of this writ in these cases, when the prisoner is in jail under a state warrant. The jurisdiction is saved in that case when he is detained in violation of the constitution or of a law or treaty of the United States. Rev. St. U. S. § 753. The requisition rested altogether upon that constitution, and those laws. The violation of a right implied out of them would be a violation of them. *Kentucky* v. *Dennison*, 24 How. 66; *Ex parte Reggel*, 114 U. S. 642, 5 Sup. Ct. Rep. 1148. Suggestion is made that in the exercise of discretion the relator ought to be remanded to seek relief from the state court, and, on failure there, by a writ of error to that court from the supreme court. But the laws of the United States provide that the court or justice or judge to whom application is made shall forthwith award the writ, unless the petition shows that the party is not entitled thereto, (Rev. St. § 755;) and that the party shall be disposed of as law and justice require, (section 761;) and that this shall be done without delay, (section 759.) Law and justice, according to the views here taken, require that the relator be discharged from the custody in which he is held for the alleged crime for which he was not brought on requisition until he has had a reasonable opportunity in which to return. The relator insists that reasonable opportunity for return would include the time of the pendency against him of the proceedings on which he was brought, and that his protection should extend till the expiration of a reasonable time in which to return after they are ended. But he is not now restrained on that charge, and seems to be entitled only to protection for present return, and one day is deemed reasonable, in view of the facilities available for that purpose.

The relator is discharged, with protection for one day in which to return to the state of New York.