## WRIGHT v. JOHNSTON.
### No. 23793.

District Court, N. D. California, S. D.
March 8, 1943.

Cecil Wright, in pro. per.

GOODMAN, District Judge.

Wright's petition for writ of habeas corpus was addressed to the Honorable Michael J. Roche, one of the Judges of this court. The petitioner accompanied the petition with a letter in which he stated: "this petition is not addressed to the Court but to your Honor as a district Judge." The petition was filed with the clerk, and, in accordance with the rules of the court, was assigned, and, by lot, fell to me. I have conferred with Judge Roche and he has advised me that he authorized the filing of the petition with the clerk so that it would receive the attention of the court in due course. I must first decide whether the court may properly hear and determine this petition or whether it is mandatory for Judge Roche, as an individual Judge, to pass upon it. The pertinent statutory provisions are:

28 U.S.C.A. § 452: "Power of judges * * *. The several *justices of the Supreme Court and* the several *judges of the circuit courts of appeal and of the district courts,* within their respective jurisdictions, *shall have power to grant writs of habeas corpus* for the purpose of an inquiry into the cause of restraint of liberty. * * * *The order of the circuit judge shall be entered in the records of the district court* of the district wherein the restraint complained of is had."

Section 454: "Application for; complaint in writing. *Application* for writ of habeas corpus *shall be made to the court, or justice, or judge authorized to issue the same,* by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known. The facts set forth in the complaint shall be verified by the oath of the person making the application."

Section 455: "Allowance and direction. *The court, or justice, or judge to whom* such application is made *shall forthwith award a writ of habeas corpus,* unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained."

Rule 1 of the Rules of practice of this Court provides as follows: "All actions and proceedings of whatsoever kind or nature—including criminal, admiralty and bankruptcy—shall be assigned to the several Judges in regular rotation, by the Clerk. Such assignment shall be made immediately upon the filing of the first document, and shall be indicated by placing the initial letter of the Judge's surname after the case number. No change in any assignment shall be made except by Court order approved by the Judges affected." (Emphasis is supplied.)

It is true that under 28 U.S.C.A. § 452, the several Judges of this court are empowered to grant writs of habeas corpus. It does not follow, however, that it is mandatory upon the judge, to whom a petition for writ of habeas corpus is addressed, to pass upon such petition; or that the petition may not be heard and determined by the court, when assigned according to its rules, to a judge thereof.

The history of the statute (i. e. 28 U.S.C.A. § 452) indicates that the empowerment of the District Judges individually to receive and act upon such petitions was not for the purpose of enabling a petitioner to "pick" his judge, that is, to select a judge whom he might consider more favorably disposed to his cause than other judges of the same court equally avail-

able. By the predecessor statute, R.S. § 752, originally derived from 1 Stat. 81, judges of the several federal courts were granted power individually to award writs of habeas corpus only during vacation. See State v. Sullivan, C.C., 50 F. 593.

Justice required that the detained person should not be compelled to await a regular session of the court, which might be a long time distant and removed from the place of imprisonment. See Ex parte Everts, 8 Fed.Cas. page 909, No.4,581.

Carried further by the present statute, the power of the individual judges was made coextensive with the court's powers. Thereby there was made available to petitioners broad opportunity to be heard.

There are four judges sitting in this court. Under its rules, the business of the court is divided by lot between us. No harm or injury can be done to the petitioner by having his petition assigned according to the rules and heard and determined by one of the judges of the court. The propriety of such action was recognized in Ex parte Clarke, 100 U.S. 399, 403, 25 L.Ed. 715. See, also, In re Fitton, C.C., 45 F. 471.

■ The Senior Circuit Judge of the Ninth Circuit has determined that it is not mandatory for the individual judge to whom a petition for habeas corpus is addressed, to hear and decide it. In Sweetney v. Johnston, 9 Cir., 121 F.2d 445, he denied a petition for writ of habeas corpus addressed to him as an individual judge, saying: "no reason is shown why the application could not, with equal propriety and facility, be presented to a United States District Judge or District Court."

The Senior Circuit Judge of the Third Circuit has similarly so decided. United States ex rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159; O'Brien v. Swope, 9 Cir., 106 F.2d 471.

By the same token, with equal propriety and facility, the petition here addressed to Judge Roche can be heard and determined by this court, through the judge to whom it is regularly assigned.

Wright's petition before me is the fifth of a series of five petitions for a writ of habeas corpus filed by him since the year 1941. The fourth, in sequence, of these petitions was directed to Circuit Judge Denman individually. Judge Denman conducted a hearing upon said fourth petition and determined that Wright should be discharged from the custody of the Warden; but that pending an appeal from his decision, Wright should be "enlarged upon recognizance with security in the amount of $5,000.00 for appearance to answer the judgment of the Appellate Court." The decision and order of Judge Denman is filed in the records of this court and numbered herein No. 23744. Respondent's appeal from said order of Judge Denman is now pending before the Circuit Court of Appeals of this Circuit.

■ In the petition now before me, Wright prays that a writ issue requiring the Warden to produce him and that pending hearing he be committed to the San Francisco County jail in the custody of the United States Marshal. His sole claim of unlawful detention is that he should have been discharged from custody by Judge Denman without the requirement of furnishing security for his appearance to answer the judgment of the Appellate Court, which security he is unable to furnish.

Wright's petition is without merit. His redress is by application to Judge Denman for modification or to the Circuit Court of Appeals where the appeal from Judge Denman's order is now pending.

The petition for writ of habeas corpus is denied and the petition is dismissed.