**RUTKOWSKI v. JOHNSTON, Warden.**
No. 22794.

District Court, D. California.
Oct. 4, 1943.
Rehearing Denied Oct. 14, 1943.

Application for Writ of Habeas Corpus
Denied Oct. 29, 1943.

Frank Rutkowski in pro. per.
No appearance by the Government.

DENMAN, Circuit Judge.

An application addressed to me as a United States Circuit Judge seeks a writ of habeas corpus.

The petition alleges that petitioner has filed a similar application addressed to United States District Judge St. Sure and that he has not passed upon the same. The application also alleges that another judge, United States District Judge Louis E. Goodman, attempted to obtain jurisdiction of the application addressed to Judge St. Sure. I can find no statutory warrant for a judge to whom an application for writ of habeas corpus is not addressed assuming jurisdiction to decide it.

Since there is an application for writ of habeas corpus pending before Judge St. Sure, and for the further reasons stated in Bowen v. Johnston, D.C., 51 F.Supp. 717, filed September 17th, 1943, with the Clerk of the United States District Court at San Francisco, the application addressed to me is hereby denied.

On Motion for Rehearing.

Petitioner renews his argument that his petition for writ of habeas corpus should be entertained by me. According to the allegations of his petition he has submitted a similar petition to United States District Judge St. Sure, upon which Judge St. Sure has not given his decision. The opinion and decision heretofore filed by me herein on October 4, 1943, holds that Judge St. Sure cannot divest himself of his jurisdiction by attempting to transfer it to some other District Judge. Hence, according to the allegations of petitioner's petition for

writ of habeas corpus he has still pending before Judge St. Sure an identical petition for the writ.

Motion for rehearing is denied.

### On Motion for Hearing an Application for a Writ of Habeas Corpus Heretofore Denied.

The application for a writ of habeas corpus, heretofore addressed to and entertained by me, was denied on the ground that it appeared from the application that another petition was addressed to District Judge A. F. St. Sure, as such judge, and not to the United States District Court for the Northern District of California, of which court Judge St. Sure is one of the judges, and that it had not been decided by Judge St. Sure.

The applicant now moves, in effect, for a setting aside of the order herein denying the application addressed to me and that it now should be entertained. The ground of his motion is that since the denial of the writ in this proceeding, he moved Judge St. Sure, in writing, to hear his application and that Judge St. Sure denied his motion on the grounds stated by Judge St. Sure, as follows:

"Replying to your 'Motion to Hear Writ of Habeas Corpus' addressed to me and dated October 18, 1943.

"The records show that on July 26, 1943, you filed a petition for a writ of habeas corpus addressed to me, which petition was assigned under the rules of this court to Judge Goodman. Judge Goodman held that under the authority of Wright v. Johnston [D.C.], 49 F.Supp. 748, he had a right to entertain the writ, and on September 15, 1943 denied it.

"Subsequently you filed a petition for a writ of habeas corpus on October 4, 1943, addressed to United States Circuit Judge William Denman. Judge Denman denied your petition on the same day. Since a Circuit Judge has the same power to grant writs of habeas corpus as a District Judge, 28 U.S.C.A. §§ 452, 463(a), the matter has been disposed of by Judge Denman's denial of your petition.

"Your motion is denied. There is no petition of yours pending before me."

■ I do not agree with the holding that an application for a writ of habeas corpus addressed to one judge is to be deemed as addressed to the court of which he is a member, and hence becomes subject to a rule of court transferring the case, not to the court, but to some other judge to whom it is not addressed. Nor do I agree that one judge may transfer to any court or to any other judge his jurisdiction to entertain such an application addressed to him. Cf. Chow Loy v. United States, 1 Cir., 112 F. 354, 359, and cases cited; Carper v. Fitzgerald, 121 U.S. 87, 89, 7 S.Ct. 825, 30 L.Ed. 882.

The exact contrary seems the necessary construction of the statutes creating jurisdiction to entertain such petitions. In each the distinctions of such jurisdiction between courts and between one judge and another are clearly made.

28 U.S.C.A. § 454: "Application for; complaint in writing. Application for writ of habeas corpus shall be made to the court, *or* justice, *or* judge authorized to issue the same, by complaint in writing, signed by the person for whose relief it is intended, setting forth * * *."

§ 455: "Allowances and direction. The court, *or* justice, *or* judge *to whom such application is made shall forthwith award* a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. * * *"

(Emphasis supplied.)

■ Judge Goodman's opinion in Wright v. Johnston, 49 F.Supp. 748, 749, relied upon in Judge St. Sure's opinion, holds that a rule of court applying to civil and other actions of which there is a "filing" with the court of a "first document," controls and may shift the jurisdiction of a habeas corpus proceeding from one judge to another, though no *court* jurisdiction is ever invoked or exercised. Rule 1 of the United States District Court for the Northern District of California so relied upon reads: "All actions and proceedings of whatsoever kind or nature—including criminal, admiralty and bankruptcy—shall be assigned to the several Judges in regular rotation, by the Clerk. Such assignment shall be made immediately upon the filing of the first document, and shall be indicated by placing the initial letter of the Judge's surname after the case number. No change in any assignment shall be made except by Court order approved by the Judges affected."

Judge Goodman, after reciting Rule 1, and Section 455, supra, then holds: "It is true that under 28 U.S.C.A. § 452, the several Judges of this court are empowered to

grant writs of habeas corpus. *It does not follow, however, that it is mandatory upon the judge, to whom a petition for writ of habeas corpus is addressed, to pass upon such petition;* or that the petition may not be heard and determined by the court, when assigned according to its rules, to a judge thereof." (Emphasis supplied.)

To me § 455 states the exact contrary. It provides that the judge "to whom such application is made *shall forthwith* award a writ of habeas corpus," etc., not some other judge to whom, or some court to which the application is not made. It would be difficult for Congress to find a phrase more "mandatory" on the judge to whom the application is addressed than that he "shall forthwith award a writ."

What a perversion of the requirement of granting the writ "forthwith" well may arise from the administration of Rule 1, with its assignment to one of the four district judges of that court of the habeas corpus applications in rotation with other civil actions, is apparent from the following.

The judges of the Northern District of California hold court in three places in the district: San Francisco, Eureka and Sacramento. The latter two cities are respectively three hundred miles and ninety miles from the clerk's office in San Francisco. One judge may sit by assignment with the circuit court of appeals in Los Angeles. One or more may be ill and confined to his bed, or may be on vacation.

Yet under the rotation system, the assignment of an application on behalf of a sickly citizen of New York, wrongfully held without any judicial commitment, in a private sanatorium in San Francisco, where California citizens are so confining him hoping he will die, must be assigned by the Clerk to the judge in Sacramento, or Eureka, or Los Angeles, or to the one sick in bed, or on vacation in New York, if the rotation so results.

Under the rule relied upon by Judges St. Sure and Goodman, this rotative assignment cannot be corrected by the Clerk to meet the emergency. No change in the rotation can be made until there is (a) a "court order" followed by (b) approval of the assigned judge away from San Francisco or ill and all three others, they being the "judges affected" by any change in the rotation. It is entirely likely that the sick New Yorker could die before his application received consideration.

Because the application to me and the opinion of Judge St. Sure show that there is pending before him and undecided the same application as that of the instant case, and because of the reasons stated in my opinion in Bowen v. Johnston, D.C., 51 F. Supp. 717, decided September 17, 1943, the motion to set aside my order denying the application and to consider it upon its merits is denied. In this the applicant is not without remedy if this opinion be correct in holding that his application is pending before another judge, who refuses to consider it. He may seek a rehearing of his motion to Judge St. Sure or may seek from the circuit court of appeals a writ of mandamus to require that judge to proceed.

Motion denied.