**SNOW v. ROCHE, District Judge.**

**No. 10720.**

Circuit Court of Appeals, Ninth Circuit.

June 30, 1944.

Cecil Snow, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Cecil Snow, petitioner herein, has applied to this court for the issuance by it of the writ of mandamus directed to Honorable Michael J. Roche, United States District Judge for the Northern District of California, commanding him to entertain and decide Snow's petition for the issuance of the writ of habeas corpus.

The petition for writ of habeas corpus is headed as follows:

"District Court of the United States
Northern District of California
Southern Division

The Honorable Judge Roche

| |
|---|
| Cecil Snow, <br> Petitioner, <br> vs. <br> James A. Johnston, Warden U.S.P., Alcatraz, California, <br> Respondent. |

No. 23177

The petition was filed with the district court as indicated in its heading and was assigned for attention, under the rule of rotation in accordance with the rule of court,[1] to Judge Louis E. Goodman, who proceeded to consider the petition, and, after having done so, dismissed the petition upon the ground that upon its face it does not state facts, which, if considered as true, would entitle petitioner to be released from the custody of the respondent warden.

It is the theory of petitioner here that the petition for the writ of habeas corpus was filed with Judge Roche under 28 U.S.C.A. § 452 and not with the court under 28 U.S.C.A. § 451, that Judge Goodman was entirely without jurisdiction to entertain the proceeding, and that his judgment of dismissal is void. Upon this statement petitioner draws the conclusion that the petition for the writ of habeas corpus is still pending with Judge Roche, and asserts that the latter judge will not perform his duty and entertain and decide the issues raised in the petition. See Rutkowski v. St. Sure, 9 Cir., 143 F.2d 715. Also, Rutkowski v. Johnston, D.C., 52 F.Supp. 430.

The petition for the writ of mandamus is always addressed to the legal discretion of the court and although it is a law proceeding should be considered upon

---

[1] Rule 1: "All actions and proceedings of whatsoever kind or nature—including criminal, admiralty and bankruptcy—shall be assigned to the several Judges in regular rotation, by the Clerk. Such assignment shall be made immediately upon the filing of the first document, and shall be indicated by placing the initial letter of the Judge's surname after the case number. No change in any assignment shall be made except by Court order approved by the Judges affected."

equitable principles. The writ need not be granted if it is apparent upon the face of the petition that the action sought to be ordered cannot legally be performed. Ex parte Skinner & Eddy Corp., 265 U.S. 86, 95, 44 S.Ct. 446, 68 L.Ed. 912; United States ex rel. Arant v. Lane, 249 U.S. 367, 371, 39 S.Ct. 293, 63 L.Ed. 650; Duncan Townsite Co. v. Lane, 245 U.S. 308, 311, 38 S.Ct. 99, 62 L.Ed. 309; United States v. Dern, 289 U.S. 352-358, 53 S.Ct. 614, 77 L.Ed. 1250. We, therefore, have the right and, indeed, the duty of examining the petition submitted to us with these principles in mind.

The petition here contains the recital of the entire petition for the writ of habeas corpus hereinabove referred to, and we have studied it with care. In no part of such petition is the legal custody of petitioner questioned. He does not claim the deprivation of any constitutional right in the conviction of the crime for which he is incarcerated, in the commitment to respondent, or in the legality of his detention. He complains that he has been illy and inhumanely treated in the matter of food and of dental and medical treatment, and that he has been confined to the "Isolation Block" which he sometimes refers to as the "Hole" or "Black Hole." He claims that he suffers from sinus trouble and that Alcatraz climate aggravates it. He asserts that the physicians in attendance are subservient to wishes of others and are not seriously concerned with the welfare of the patients. His complaints go to other matters, all of which relate to the personal treatment he habitually or occasionally receives at the hands of authorities in charge of the prison. According to the petition petitioner has been under discipline at the prison, and the prison physicians will, if questioned, falsely declare him to be insane. A large part of his petition is devoted to narrative of asserted severe treatment to others.

The allegations of this petition, if taken as true, do not claim or establish the illegal detention of the petitioner, and, therefore, as it seems to us, the sphere of the writ of habeas corpus does not reach to the subject matter of his complaint.

In Re Medley, Petitioner, 134 U.S. 160, 173, 10 S.Ct. 384, 33 L.Ed. 835, the Supreme Court was considering its power under habeas corpus in a case in which a legally convicted murderer under sentence of death had been sentenced to receive and was receiving additional punishment in a state prison under a statute which, to him, was ex post facto. Because of the ex post facto feature it was necessary to discharge him from custody. The court held that it had no remedial power whatever. The court said, 134 U.S. at page 173, 10 S.Ct. at page 388, 33 L.Ed. 835: " * * * But under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement in the penitentiary under the statute of Colorado invalid as to this case."

It is said in McNally v. Hill, Warden, 293 U.S. 131, 136-138, 55 S.Ct. 24, 26, 79 L.Ed. 238:

"The statute [28 U.S.C.A. §§ 451, 452, 453] does not define the term habeas corpus. To ascertain its meaning and the appropriate use of the writ in the federal courts, recourse must be had to the common law, from which the term was drawn, and to the decisions of this Court interpreting and applying the common-law principles which define its use when authorized by the statute [citing cases].

"Originating [in England] as a writ by which the superior courts of the common law and the chancellor sought to extend their jurisdiction at the expense of inferior or rival courts, it ultimately took form and survived as the writ of habeas corpus ad subjiciendum, by which the legality of the detention of one in the custody of another could be tested judicially. * * * [citing cases].

"The purpose of the proceeding defined by the [English] statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful. * * * There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release.

"Such use of the writ in the [United States] federal courts is without the sup-

720

port of history or of any language in the statutes which would indicate a purpose to enlarge its traditional function. * * *"

 Whether or not a petition for habeas corpus presented to an individual judge of a court of multiple members must in all cases be determined by such judge, as distinguished from any judge of the court, need not be and is not decided in this proceeding. It would be an idle act to do so, since, even if we were to hold that the petition could be considered by no other judge than Judge Roche, it would be wholly beyond his legal power to grant it. The petition on its face clearly indicates that the gist of petitioner's complaint is that the manner of his treatment is unnecessarily harsh and is painful and injurious to him. We have seen that the writ of habeas corpus is not the vehicle to carry his appeal for relief. Therefore, the petition for the writ of mandamus is denied, and the proceeding is dismissed.