## RUTKOWSKI v. ST. SURE, District Judge.

No. 10638.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1944.

Rehearing Denied Aug. 11, 1944.

See, also, 52 F.Supp. 430.

Frank Rutkowski, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Frank Rutkowski, petitioner herein, has applied to this court for the issuance by it of the writ of mandamus directed to Honorable A. F. St. Sure, United States District Judge for the Northern District of California, commanding him to entertain and decide Rutkowski's petition for the issuance of the writ of habeas corpus.

Judge St. Sure is the senior judge of a court consisting of four judges and as such is the executive head of the court. An order to show cause was issued out of this court to respondent Judge St. Sure to which Judge St. Sure has made his return, and petitioner has filed his traverse thereto. All statements of fact made in this opinion are taken from the pleadings mentioned or from documents made parts thereof.

Heretofore Rutkowski's petition for the writ of habeas corpus was received at the office of the above-named district court, and on July 26, 1943, it was filed in the office of the clerk of that court, and the proceeding was assigned to Judge Louis E. Goodman, a judge of that court, for his judicial action in accordance with the following rule of the court.

Rule 1: "All actions and proceedings of whatsoever kind or nature—including criminal, admiralty and bankruptcy—shall be assigned to the several Judges in regular rotation, by the Clerk. Such assignment shall be made immediately upon the filing of the first document, and shall be indicated by placing the initial letter of the Judge's surname after the case number. No change in any assignment shall be made except by Court order approved by the Judges affected." [1]

The petition was headed in the following manner:

"In the United States District Court For the Northern District of California, Southern Division.

| | |
|---|---|
| Frank Rutkowski Petitioner, vs. James A. Johnston, Warden United States Penitentiary Alcatraz, California. | 23,875G |

Petition for Writ of Habeas Corpus.

To the Honorable Judge St. Sure, United States District Court Judge."

Judge Goodman as the judge of the court entertained the petition and on August 4, 1943, issued an order to show cause to James A. Johnston, respondent in the habeas corpus proceeding. To the order to show cause, respondent duly made return and made a motion to dismiss the petition. The traverse to the return and motion is entitled "In the United States District Court for the Northern District of California, Southern Division," as are all the instruments filed by Rutkowski and the respondent, and is addressed "To the Honorable Judge Goodman." It is in this instrument that petitioner sets out his reasons why the motion to dismiss his habeas corpus petition should not be granted and why he should be released from restraint, and it is in this instrument that he sets out his supporting argument and authority. The instrument closes with a request that "this Honorable *Court*" permit the instrument to be filed in its informal form. Subsequently, at a regular session of court, Judge Goodman presiding, the *motion to* dismiss the petition was granted.

Petitioner bases his prayer for mandamus upon the erroneous assumption that his petition for the writ of habeas corpus was addressed to Judge St. Sure individually and that Judge St. Sure, instead of acting upon it, permitted it to be assigned to Judge Goodman under the court rule as though it had been filed with the court. Upon this assumption he claims that all of Judge Goodman's actions relating to the petition were and are entirely void, and that the petition, in contemplation of law, still rests with Judge St. Sure, who declines to do his duty and act upon it.

The assumption is wrong as is also the conclusion drawn therefrom. Following the heading of the petition, which has already been set out herein, the first reference to court or judge in the body of the instrument is, that petitioner is confined " * * * within the jurisdiction of the above entitled *court.*" (Emphasis added.) The next such reference is: "Jurisdiction is conferred on this *court* to *hear* and *grant this writ* under § 451, 452 and 453 of Title 28 U.S.C.A." The very first citation is: "[Quoting the section in full] Section 451. Power of *Courts.* The Supreme *Court* and the district *courts* shall have power to issue writs of habeas corpus." The next cited section gives like power to *judges.* There is nothing in the record to indicate that the petition was delivered to or mailed to Judge St. Sure personally. It appears to have been received in no unusual way and to have been assigned in the regular way.

It appears to us that there was no error or mistake when this petition was deemed one addressed to the district court and assigned for attention under the court rules. There is more, however, Judge Goodman issued the show cause order, and respondent made a motion to dismiss because of the lack of merit revealed in the petition. To this, petitioner replied by his traverse. Again the pleading was headed "In the United States District Court * * *" with the case number followed by "G" (meaning Judge Goodman) in accordance with the court rules. And the pleading begins: "To the Honorable Judge Goodman," and proceeds with argument upon the merits of the application. The pleading closes with: "Petitioner further respectfully requests this Honorable *Court* * * *." The dismissal order is couched in terms indicating that Judge Goodman was hearing and deciding not as an individual judge but as the judge of the court.

---

[1] The specific authority for this rule is found in 28 U.S.C.A. § 27, Judicial Code § 23, and the general rule-making power is stated in 28 U.S.C.A. § 731.

■ From this record it cannot be held that the proceeding was intended to be one directed to the presiding judge of the court of four judges for his action as distinguished from that of the court. Furthermore, if such was the intention of petitioner, he did not act within that intention. And even if it could be held that the petition was actually filed under § 452 and not under § 451, that is, with the judge as distinguished from the court, it was received and adjudicated by Judge Goodman as the presiding judge of the court whose jurisdiction of the subject matter of habeas corpus proceedings is plenary. And this judicial action was taken under a pleading specifically addressed to him by the petitioner.

A revealing incident occurred. Upon knowledge of Judge Goodman's decision petitioner presented another and separate petition for habeas corpus. Care was taken not to head this petition to any court. It is headed "To the President of the United States. To the Honorable William Denman one of the Judges for the Ninth Judicial Circuit." This unusual heading indicates clearly that petitioner entertained no doubt whatever as to the legal right of Judge Goodman to decide his case, and this time he chose to present his new petition to a judge not a member of the district court; instead he presented it to Judge Denman. Judge Denman accepted the premise that the habeas corpus proceeding now being considered by us was in fact filed with Judge St. Sure and not with the district court, and without more held that it was still pending unacted upon by Judge St. Sure. Thereupon, Judge Denman dismissed the proceeding addressed to him. Petitioner was not satisfied with this ruling and persisted in rearguing the matter in a petition for rehearing, which Judge Denman denied. Judge Denman's views upon the dismissal of the proceeding instituted before him and his views upon denying a rehearing are fully expressed in his written opinion. See Rutkowski v. Johnston, D. C., 52 F.Supp. 430, 432.[2] That opinion concludes: "In this the applicant is not without remedy if this opinion be correct in holding that his application is pending before another judge, who refuses to consider it. He may seek a rehearing of his motion to Judge St. Sure or may seek from the circuit court of appeals a writ of mandamus to require that judge to proceed."

Thus it is plain that the theory of this petition for mandate first came to petitioner long after the rendering of the adverse decision by Judge Goodman and came to him as "manna from heaven."

Having determined that this proceeding was not instituted before any one particular judge of the district court, the basis for the theory that the case could not properly be assigned for attention under the rule fails entirely. And if this were not enough, the fact that the petitioner proceeded without objection to Judge Goodman's jurisdiction of the case, and its disposition on the merits prevents him from now claiming the judgment as void.[3] Petitioner's procedure was tantamount to his filing the petition directly with Judge Goodman.

■ The basis of petitioner's petition for the writ of habeas corpus is that he was sentenced for two offenses for one act. The authorities hold otherwise upon facts presenting in principle the same situation that occurs in petitioner's case. Jolly v. United States, 170 U.S. 402, 18 S.Ct. 624, 42 L.Ed. 1085; Duffy v. Hudspeth, 10 Cir., 112 F.2d 559. This presents another reason why the mandate prayed for should not issue as Judge St. Sure could grant no relief if we should command him to act. See our opinion in Snow v. Roche, 9 Cir., 143 F.2d 718.

The petition for the writ of mandamus is denied, and the proceeding is dismissed.

[2] We make no intimation as to our views upon the point deemed decisive by Judge Denman, that a petition for writ of habeas corpus presented to an individual judge of a court consisting of more than one judge cannot legally be assigned to another judge under the court's rules. This point is outside the facts of this case. If the point was before us for decision, we would be inclined to set the submission of the proceeding aside and direct counsel to more thoroughly explore the history of the writ with its bearing upon the point. But see Wright v. Johnston, D.C., 49 F. Supp. 748; Rutkowski v. Johnston, D. C., 52 F.Supp. 430; Burall v. Johnston, D.C., 53 F.Supp. 126.

[3] See statement and authorities on analogous subject 21 Corpus Juris Secundum, Courts, § 85, subsec. c, p. 133.