**BURALL v. JOHNSTON.**

No. 10724.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1944.

J. W. Ehrlich, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Joseph Karesh, and R. B. McMillan, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant here is imprisoned in the United States Penitentiary at Alcatraz for the crime of mail robbery.

His petition for a writ of habeas corpus was denied by the lower court. On this appeal two questions are raised:

1. Whether the deprival of counsel at the examination before the Commissioner constitutes such error as to be grounds for granting habeas corpus;

2. Whether it is mandatory that a petition of habeas corpus addressed to a specific judge of the district court must be heard and determined by that judge to the exclusion of any other judge of the same court.

The appellant states that he was taken before the Commissioner after his arrest, that "petitioner then demanded counsel to represent him, but instead of counsel he was told to plead; he plead not guilty, he was remanded to jail." He herein insists that he was entitled to have counsel assigned to assist him in the hearing before the Commissioner without cost, and he now contends that because of this the court had no jurisdiction to try him upon the indictment subsequently returned.

The preliminary hearing is not a trial within the meaning of the Constitution but is an ex parte proceeding. In fact, this court has held that the accused is not entitled to the issuance of a writ because he had no preliminary examination. Garrison v. Johnston, 9 Cir., 104 F.2d 128, 130. See also Clarke v. Huff, 73 App.D.C., 351, 119 F.2d 204.

While it may not be necessary for this court in the disposition of this case to decide whether or not a petition for habeas corpus presented to an individual judge of the District Court must in all cases be determined by that judge, this question continues to rise on appeal [Cecil Snow v.

Michael J. Roche, 9 Cir., 143 F.2d 718; Frank Rutkowski v. A. F. St. Sure, 9 Cir., 143 F.2d 715; and Charles O'Keith v. James A. Johnston, 9 Cir., 146 F.2d 231]; it is therefore desirable that this court here give expression to its opinion in regard thereto.

The reason the question has been presented continually is that a judge of this court in Rutkowski v. Johnston, D.C., 52 F.Supp. 430, held that a petition addressed to one judge of the District Court must be heard by that particular judge and could not be transferred to another judge of the same court. This statement of law we feel was made in error. The correct statement of the law and an historical analysis of the statutory law on this point is accurately and ably set forth in Wright v. Johnston, D.C., 49 F.Supp. 748, 749.

The opinion of the lower court in the instant case, which rejected the view announced in Rutkowski v. Johnston, D.C., 52 F.Supp. 430, supra, was signed by all the District Judges of said court. As pointed out, the rule in Rutkowski v. Johnston, supra, would leave the petitioner without any remedy if the judge to whom the petition were addressed died or became incapacitated. Moreover, such a rule would make it difficult for the District Court to carry on its business in an expeditious and orderly way if numerous petitions were addressed to one judge of the court. It has been the established practice of the District Court and has been found convenient for the dispatch of its business to assign all cases as they are filed in rotation to the different judges regardless of whether they are addressed to one judge or the court.

Rule 1 of the Rules of Practice for the District Court reads: "All actions and proceedings of whatsoever kind or nature —including criminal, admiralty and bankruptcy—shall be assigned to the several judges in regular rotation by the Clerk. Such assignment shall be made immediately upon the filing of the first document and shall be indicated by placing the initial letter of the Judge's surname after the case number. No change in any assignment shall be made except by Court order approved by the Judges affected."

The application of this rule could work no injustice on petitioner for the reason that any petitioner who is dissatisfied with the decision of the District Court has recourse to the right of appeal, which has never been denied him if made in good faith.

Furthermore, there is no merit to the petition itself as it is insufficient on its face to justify the issuance of a writ.

Affirmed.