Dessie MAYLE and Charles D. Norris,
Plaintiffs,

v.

Harry L. CRISS, Defendant and Third-
Party Plaintiff (Herbert Miner,
Third Party Defendant).

Herbert MINER, Plaintiff,

v.

Harry L. CRISS, Defendant.

Dessie MAYLE and Charles D. Norris,
Plaintiffs,

v.

Harry L. CRISS, Administrator of the Es-

tate of Robert Carl Criss, Deceased, De-
fendant and Third-Party Plaintiff (Her-
bert Miner, Third-Party Defendant).

Herbert MINER, Plaintiff,

v.

Harry L. CRISS, Administrator of the Es-
tate of Robert Carl Criss, Deceased,
Defendant.

Civ. A. Nos. 14670, 14694.

United States District Court
W. D. Pennsylvania.
June 27, 1958.

Gilbert J. Helwig (of Reed, Smith, Shaw & McCiay), Pittsburgh, Pa., for plaintiffs.

Kim Darragh (of Meyer Darragh, Buckler & McDonnell), Pittsburgh, Pa., for defendant.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for third-party defendant.

GOURLEY, Chief Judge.

These are actions based on negligence in which a collision occurred between two automobiles in the State of West Virginia. No complexities as to the circumstances exist, with the usual issues for jury determination being confined to who was at fault.

Plaintiffs are citizens of the State of West Virginia and defendant is a citizen of the State of Pennsylvania. No question exists as to venue or jurisdiction of the court.

The operator and guests of one vehicle have joined in one complaint actions against the representative of the estate of the deceased operator of the other vehicle: Civil Action No. 14694.[1]

In addition thereto, a separate cause of action has been jointly instituted by the

1. Party A—Herbert Miner, owner and driver of car involved in accident.
Party B—Dessie Mayle, passenger in car.
Party C—Charles D. Norris, passenger in car.

Party D—Harry L. Criss, Administrator of the Estate of Robert Carl Criss, deceased, operator of the vehicle.
Party E—Harry L. Criss, individually, owner of other vehicle operated by deceased.

operator (A) and guests (B & C) against the owner (E) claiming agency to have existed by the operator (D) on behalf of the owner (E): Civil Action No. 14670.

The fiduciary or representative of the estate of the deceased operator is the same person as the defendant sued individually as the owner of the vehicle operated by the deceased.

As to the actions of B and C, guests in car of A, against D and E, the defendant in each proceeding has caused to be brought upon the record as third-party defendant A, the operator of the other vehicle.

The first matter for determination is:

Motion of third-party defendant to dismiss the action against him based on the legal thesis that he cannot be liable by way of contribution until after a judgment has been rendered under the law of West Virginia where the accident occurred.

The question on the motion to dismiss resolves itself into the following:

May a resident of West Virginia, in a West Virginia cause of action, who elects to file his suit in Pennsylvania, be joined as a third-party defendant where such joinder is not recognized by the law of West Virginia but is allowed in the jurisdiction where the action is instituted?

The third-party defendant relies upon Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, denying joinder of a third-party defendant except in the event of a finding of a joint tort and a payment by one of the defendants. This federal decision was interpreting West Virginia law.

 There can be no doubt that the substantive law of West Virginia allows for contribution between joint tort feasors, but a limitation is invoked on such right by preliminarily requiring a finding of a joint tort and the entry of a joint judgment. It is not disputed that West Virginia allows an injured automobile passenger to sue both motorists,

and should the jury find that the passenger's injuries were occasioned by the negligence of both drivers, the right for contribution exists. However, if the passenger chooses to sue only one of the drivers, a bar exists in West Virginia which prevents said driver from joining the other driver as an additional defendant.

██ It is well settled that in actions brought in the United States Court procedural matters are determined by the law of the state in which the district court sits. Rule 17(b), Fed.R.Civ. Proc., 28 U.S.C.; Underwood v. Maloney, 3 Cir., 256 F.2d 334; Byrd v. Blue Ridge Rural Electric Co-op., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. It is my considered judgment that the bar restricting the joinder of a third-party defendant until the claim has been reduced to judgment is procedural.

Since the preliminary matter is procedural in character, it would have no application to the present case where the suit is entered in the Federal Court for the Western District of Pennsylvania, and the procedural law of Pennsylvania clearly allows for such a joinder, as does federal practice.

Motion of third-party defendant to dismiss in each civil action must be refused.

 The other matter relates to rulings to be made on the admissibility of evidence and the consolidation or separate trial of Civil Actions 14670 and 14694.

Motion of plaintiffs under Rule 42 of the Federal Rules of Civil Procedure—

(a) to consider consolidation of two separate and distinct causes of action;

(b) to preliminarily resolve the competency of the survivors of the accident to testify in behalf of their co-plaintiffs, and

(c) to enter such further orders concerning proceedings therein as may tend to avoid unnecessary cost and delay.

To understand the reasons for the conclusion reached in determining these

questions, knowledge must exist of the practice and trial of civil actions in this court.

This court has promulgated and placed into operation a standard order relative to the administration of cases which involve personal injuries by the adoption of uniform pre-trial procedure and the use of a Master Civil Jury List which contains only cases that have been given thorough pre-trial consideration.

In connection therewith, cases are not assigned to individual judges, and it is impossible to anticipate in advance which member of the court will preside at the pre-trial or trial of any given case. If the pre-trial judge were known, it is impossible to determine whether the presiding pre-trial judge would deem it proper to resolve evidentiary questions of substantial import, or as a matter of policy would relegate the same for the determination of the trial judge.

The cogency of this reasoning becomes even more manifest when, as in the instant circumstances, the evidentiary question raised has not been resolved by a federal or Pennsylvania State decision, and is subject to the contingency of varying views by different judges.

Succinctly stated, the following question is presented as relates to the competency of evidence:

Where actions are filed by A, B and C against E as Administrator of the Estate of D, can the various plaintiffs testify against the interests of decedent if the actions are tried separately and/or jointly, in view of the provisions of what is termed as the Dead Man's Act in Pennsylvania, 28 P.S.Pa. § 322.[2]

More particularly, the question may be stated thusly: Where several persons have joined as co-plaintiffs under the permissible joinder rules and each is incompetent, because of the Dead Man's Act, to testify in behalf of his own claim against the deceased defendant estate, is he precluded from testifying on behalf of the claims of his fellow plaintiffs at the trial of the action?

The competency of the witnesses involved should be decided under Pennsylvania law or federal law, whichever is most favorable. Rule 43(a), Fed. R.Civ.Proc. Each plaintiff, in his action against the defendant administrator, is incompetent by reason of his adverse interest. In re Hendrickson's Estate, 388 Pa. 39, 44, 130 A.2d 143; Act of May 23, 1887, P.L. 158, 28 P.S.Pa. § 322; Wright v. Wilson, 3 Cir., 154 F.2d 616, 620, 170 A.L.R. 1237, certiorari denied 329 U.S. 743, 67 S.Ct. 50, 91 L.Ed. 640.

The law is now settled in the Third Circuit that once a member of the court enters a ruling on any aspect of the proceeding, no other member of the court has the right to overrule the decision of any other member of the court, barring death of the judge, his resignation, or his completion of a temporary assignment to a district. United States v. Wheeler, 3 Cir., 256 F.2d 745.

For the reasons heretofore stated, I believe the evidentiary question and consolidation of the two actions must be resolved by the trial judge.

An appropriate Order is entered.

2. In the action of A, B and C against E individually, no question exists as to the right of all plaintiffs to testify in their own behalf and that of their co-plaintiffs.