UNITED STATES of America ex rel. Robert THOMPSON, Petitioner,

v.

Angelo C. CAVELL, Warden.

No. 2214.

United States District Court
W. D. Pennsylvania.

Aug. 25, 1958.

958

No counsel for either party.

GOURLEY, Chief Judge.

In this habeas corpus proceeding arising out of a state prosecution, petition is directed to the President Judge of the United States District Court for the Western District of Pennsylvania to set aside and strike from the record orders entered by the Honorable Herbert P. Sorg, an associate member of the court, refusing writ of habeas corpus and denying application for certificate of probable cause.

Petitioner advances the legal thesis that since the original petition for writ of habeas corpus was presented to the Honorable Rabe F. Marsh, Jr., an associate member of the court, Judge Marsh as a matter of law was required himself to make disposition of said petition.

In short, it is claimed that where a petition for writ of habeas corpus is directed to a named member of a multiple complement court, the judge to whom the petition is directed is required to act upon and consider said petition, and that a proceeding of said nature may not be assigned or heard by any other member of a multiple complement court.

In support of his position, petitioner cites the following authorities: Ex parte Wilson, D.C., 62 F.Supp. 793; Rutkowski v. Johnston, D.C., 52 F.Supp. 430 and 28 U.S.C.A. § 2241(c) (2, 3), 2243.

The District Court decision of Rutkowski v. Johnston, supra, was reversed by the United States Court of Appeals for the Ninth Circuit, Rutkowski v. St. Sure, 143 F.2d 715, and although the District Court decision in Ex parte Wilson, supra, was not appealed to the United States Court of Appeals for the Fifth Circuit, Texas being within the Fifth Circuit, I am not inclined to follow or adopt the reasoning and conclusion of said District Court.

It is my further judgment that the Judicial Code, 28 U.S.C.A. § 2241 et seq., does not require a judge of a multiple complement court to hear petitions addressed to the named member of said court.

The practice which is followed in this court of assigning petitions for writ of habeas corpus on a regular rotation basis by the Clerk of Courts complies with law. To depart from this settled practice would make it extremely difficult for the District Court to conduct its business in an expeditious and orderly manner where circumstances frequently arise that numerous petitions of this nature are addressed to one judge of the court. Burall v. Johnston, 9 Cir., 146 F.2d 230; Rutkowski v. St. Sure, 9 Cir., 143 F.2d 715.

In the thirteen years that I have been a member of the District Court, eight years of which I have served as Chief Judge, approximately 70% of petitions for writ of habeas corpus are forwarded to me in my capacity as Chief Judge. If I or any other member of the court to whom petitions are specifically directed is required to hear the petitions for writ of habeas corpus arising out of state

prosecutions, the orderly administration of justice would become appallingly stagnated and mired.

Furthermore, I am governed by the rule in this Circuit prohibiting a member of a multiple complement court from reviewing or considering any order entered by an associate member of the court as long as the member of the court who heard the matter is available or where exceptional or unusual circumstances do not exist. United States v. Wheeler, 3 Cir., 256 F.2d 745. I conclude that exceptional or unusual circumstances do not exist and that the Honorable Herbert P. Sorg is available for the consideration and determination of any matters that petitioner presents to the United States District Court for the Western District of Pennsylvania.

In view of the foregoing, the motion to strike from the record the orders of the Honorable Herbert P. Sorge entered on August 13, 1958 and October 23, 1957, is denied.

An appropriate Order is entered.