UNITED STATES of America, Petitioner,

v.

GENERAL DYNAMICS CORPORATION et al., Respondents.

No. 60-CR-422.

United States District Court
E. D. New York.

June 19, 1961.

Debevoise, Plimpton & McLean, New York City, for John J. Lincoln.

Sherman & Sterling, New York City, for Air Reduction Co.

Kramer, Marx, Greenlee & Backus, New York City, for General Dynamics.

Cravath, Swaine & Moore, New York City, for Olin Mathieson.

A. Bauman, New York City, for Geo. C. Cusacky.

Satterlee, Warfield & Stephens, New York City, for Henri C. Mathey.

Townley, Updike, Carter & Rodgers, New York City, for Chemtom Corp.

MISHLER, District Judge.

Motion by respondent General Dynamics Corporation to examine and copy transcript of the testimony given before a Grand Jury convened in the Southern District of New York.

A Grand Jury was impanelled in the Southern District of New York on April 19, 1960, to investigate alleged violations of the Federal Antitrust Laws in the carbon dioxide industry. No action was taken by the Grand Jury and the proceeding was terminated on December 21, 1960. On December 22, 1960, an order to show cause was made commencing the above proceeding, charging respondents with a criminal contempt in the violation of the directions of the final judgment entered in this District in United States against the Liquid Carbonic Corporation, et al.

Respondent concedes that inspection of the Grand Jury minutes is rarely permitted. Respondent urges that the historical basis for secrecy of grand jury proceedings no longer exists in this proceeding and, further, that petitioner's use of the Grand Jury constituted a subversion of its process.

This respondent moved before Chief Judge Sylvester J. Ryan of the Southern District of New York to impound and suppress all documents and testimony presented to the said Grand Jury. In an opinion, dated March 20, 1961, Judge Ryan stated:

"On the undisputed facts, it is clear that there was no subversion of the grand jury process and the motion to suppress and impound the evidence thereby obtained is denied. United States v. Proctor & Gamble, 356 U.S. 667, 78 S.Ct. 983, 2 L.Ed. 2d 1077."

I find myself in agreement with this finding by Judge Ryan; at the very least, it would be imprudent for me to arrive at a different conclusion. See Mayle v. Criss, D.C., 163 F.Supp. 576, 579; United States ex rel. Thompson v. Cavell, D.C., 164 F.Supp. 957, 959. The right to renew reserved in paragraph 5 of Judge Ryan's Order (dated March 29, 1961), in my opinion, only reserves the right in respondent to seek relief not inconsistent with this finding.

Respondent argues further that, the disclosure of a portion of the Grand Jury minutes pursuant to the order of Honorable Charles Metzner pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., reference to the Grand Jury minutes contained in the affidavit of Bernard M. Hollander in support of the application for an order to show cause, and the press release of the Attorney General referring to the petition filed on December 22, 1960, lifted the "veil of secrecy", thereby entitling respondent to inspect the Grand Jury minutes.

The statement in the petition by Mr. Hollander is, "In the course of this investigation, affiant has examined * * * documents submitted to and testimony given before a grand jury duly impanelled in the Southern District of New York to investigate, *inter alia*, alleged violations of the Federal Antitrust Laws in the carbon dioxide industry." This statement reveals nothing of the proceedings before the Grand Jury. The press release referred to is equally innocuous.

I find no particularized need exists for inspection of the Grand Jury minutes.

Motion denied. Settle order on two days notice.