## Commonwealth ex rel. Kerstetter v. Russell

*Ronald Kerstetter*, p.p., relator.

ATKINS, P. J., February 26, 1965.—This petitioner previously presented a petition for a writ of habeas corpus to this court. A hearing was held thereon befor the writer of this opinion. Petitioner was present at the hearing and was given full opportunity to present any evidence he desired to present in support of the allegations of his petition. At the conclusion of the hearing, the petition was dismissed by an order dated November 10, 1964. Apparently no appeal has been taken from that disposition.

Now he has presented a second petition addressed specifically to Honorable Robert I. Shadle of this court. He contends that Judge Shadle must act on this pe-

tition since it is addressed to him. No Pennsylvania authority is cited in support of this demand.

It has been the practice of this court to have the judge who presided over the original criminal proceeding to also preside over all proceedings arising out of post sentence motions or petitions such as the instant one, unless there appears to be some valid reason why the sentencing judge should be disqualified, either on his own motion or on cause shown by the parties. No reason is apparent to the writer of this opinion and order that would require him to disqualify himself, nor has any been assigned by the petitioner. We can therefore assume that the motive for his demand is the hope for a better result from the action of another judge than the result he previously obtained. The only authorities cited by him in support of his request are two Federal district court cases; these are Rutkowski v. Johnston, District Court of Calif. 52 F. Supp. 430; and Ex parte Wilson, District Court of Texas, 62 F. Supp. 793. Rutkowski was disapproved by the Circuit Court of Appeals for the Ninth Circuit in the connected case of Rutkowski v. St. Sure, 143 F. 2d 715. In United States v. Cavell, 164 F. Supp. 957, Judge Gourley of the Western District of Pennsylvania referred to the above cases and refused to follow the reasoning of the District Court cases in the interpretation of the applicable Federal statute and held that a petition specifically addressed to Judge Marsh of that court could be acted on by any member of the court. It will be noted in this connection, that the Federal district court in both of those cases cited by the petitioner were basing their decision on an interpretation of a federal statute and not on any inherent right of the petitioner in either case to select the judge who was to act on their petition.

The Act of May 25, 1951, P. L. 415, 12 PS §1901, et seq., is the current statute in Pennsylvania applicable

to cases of this kind. Nowhere in its language can we find any specific support of the petitioner's position. This statute in its first section gives to any judge of the court of common pleas jurisdiction to entertain petitions of this kind. The only language in the act which may possibly be said to support the petitioner in this regard is in section 4, 12 PS §1904, which provides: "Upon the presentation of a petition, as aforesaid, to any judge having jurisdiction he may, if he believes that the circumstances justify it, direct the writ to issue forthwith, or he may allow a rule to show cause why the writ should not be issued . . ." Then after providing for the manner of serving the rule, this section further provides: "If a rule has been allowed, the judge who allowed it, or, in case of his absence or disability, any other judge of his court, may, upon or after the return day, order the writ to issue or discharge the petition." We think that this last quoted portion of the section is indication of a legislative intent that a petitioner for a writ of habeas corpus does not have the unqualified right to select the judge who shall act upon his petition. These observations of course, in no way impugn the right of any litigant to request the disqualification of a judge for good cause. . . .

There are no factual questions here that demand a hearing, particularly in view of the fact that he has already had a hearing on the same issues. For these reasons this order is entered:

And now, to wit, February 26, 1965, at 10 a.m. (EST), it is ordered, adjudged and decreed that the petition for writ of habeas corpus filed herein be and is hereby dismissed. An exception is granted to the petitioner.

This opinion has been reviewed by both Judge Shadle and Judge Buckingham, and they concur in it.